6749

### STATE v. GRAHAM.

1. JUROR—OFFICE.—The position of grand juror is not an office "of honor and profit" within the contemplation of the Constitution.
2. IBID.—RURAL FREE DELIVERY MAIL CARRIERS are not disqualified from serving on grand jury.
3. IBID.—A MAGISTRATE is disqualified from acting as a grand juror, but in this case the appeal is dismissed because appellant does not show that the magistrate sent the case up, or that there were not on the jury twelve other qualified jurors.

Before F. BARRON GRIER, SPECIAL JUDGE, Newberry, June term, 1907.   Affirmed.

Indictment against John Graham for violating dispensary law.   From sentence on verdict of guilty, defendant appeals.

*Messrs. Blease & Dominick,* for appellants, cite:   Code of 1902, 2933; Art. V, Secs. 20, 22, Con.; Crim. Code, 39; 23 Stat., 1066; 59 S. C., 200; Art. II, Sec. 2, Con.

*Solicitor R. A. Cooper,* contra.

February 17, 1908.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The defendant, John Graham, was tried and convicted at the June term, 1907, of the Court of General Sessions for Newberry County, for violation of the dispensary law.   When the case was called, defendant's attorneys moved to quash the indictment upon the ground that the grand jury which found the bill was illegally constituted. The Circuit Judge overruled the motion, and upon this ruling defendant bases his appeal.

Counsel for the defense contend that the trial Judge erred in not granting the motion to quash the indictment upon the ground that Wicker, one of the members of the grand jury, was a rural free delivery mail carrier, and another, Counts, a magistrate.   The contention was that the former was disqualified to serve under Section 2, Article II, of the Constitution of 1895, and the latter under both said constitutional provision and Section 2933 of Civil Code, 1902.

Section 2, Article II of the Constitution is as follows: "Every qualified elector shall be eligible to any office to be voted for, unless disqualified by age as provided in this Constitution.   But no person shall hold two offices of honor or profit at the same time: *Provided,*

That any person holding another office may at the same time be an officer in the militia or a notary public."

The following qualifications for service on the jury are laid down in Section 22, Article V of the Constitution, 1895: "Each juror must be a qualified elector under the provisions of this Constitution, between the ages of twenty-one and sixty-five years, and of good moral character." In Acts of 1902, Section 2, page 1066 (XXIII Stat.), it is provided that the county auditor, county treasurer and clerk of the Court of Common Pleas of each county shall, in December of each year, prepare a list of names of such men as are eligible under the constitutional provision and "as they may deem otherwise well qualified to serve as jurors, being persons of sound judgment and free from all legal exceptions." Thus, any good citizen, qualified under the Constitution, may be drawn to serve on the grand jury. His service as a grand juror is a duty which he owes to his county and State, but such service as juror should not be termed an office "of honor or profit" within the contemplation of the Constitution.

It is true the very broad statutory definition of the term "public officers" has added to the difficulty of discrimination on this subject. The act, so far as it is relevant, is as follows: "That on and after the approval of this Act, it shall be unlawful for any person to assume the duties of any public office until he has taken the oath provided by the Constitution, and been regularly commissioned by the Governor. The term 'public officers' shall be construed to mean all officers of the State that have heretofore been commissioned, and trustees of the various colleges of the State, members of various State boards, dispensary constables, and other persons whose duties are defined by law." While the definition is exceedingly broad, it seems manifest it could not have been intended to embrace jurors in the term public officers to be "commissioned by the Governor." The fact that many of the public officers have been exempted by statute from serving on juries shows that

the General Assembly deemed such further enactment neces-
sary in order to relieve some of those that occupy "offices
of honor or profit" from the obligation of jury service.
XXIII Stat.; 44; Sec. 2935, Civil Code of 1902.

In Section 2935 of the Civil Code, "the marshals of the
United States and their deputies, and all the other officers of
the United States" are exempted from jury service. Grant-
ing that "all the other officers of the United States" is a term
broad enough to include rural free delivery carriers, this
would not disqualify Wicker. "An exemption from jury
duty is not a disqualification to act as a juror, but is a mere
personal privilege which the juror may claim or waive, and
if he does not claim his privilege the parties have no right to
object to him on this account." 24 Cyc., 206; *State* v.
*Toland,* 36 S. C., 515, 15 S. E., 599; *State* v. *Merriman,*
34 S. C., 16, 13 S. E., 898.

The other grand juror excepted to was W. A. Counts,
who testified that he had been magistrate at Little Mountain
for four or five years and was still serving. Section 2933,
Civil Code, 1902, provides: "No clerk, constable, or deputy
of the clerk of the court, sheriff, probate judge, county
commissioner, magistrate, or other county officer,
or any employee within the walls of any courthouse,
shall be eligible as a juryman in any civil or criminal
case." We think there is no sufficient ground for limiting
the word "juryman" here used to include a member of the
petit jury and to exclude a member of the grand jury.
There is as strong reason for prohibiting a magistrate from
serving on a grand jury as on a petit jury, since he might
have to pass on bills against persons whom he had bound
over to the Court of General Sessions. For this reason
magistrate Counts was disqualified to serve as a grand
juror.

The appeal must nevertheless be dismissed on the
authority of *State* v. *Rafe,* 56 S. C., 379, 34 S. E., 660,
because the defendant did not show that he was prejudiced
by the fact of the grand juror's disqualification, or that

Counts had had any connection with the case in his capacity as magistrate. In the case of *State* v. *Rafe,* the rule is thus laid down: "But even if he had shown these facts, it would be necessary for him to present such a state of facts as would lead the Court to believe that he has been prejudiced by the fact that the juror was disqualified. For instance, if it appeared in the record that every juror on the panel was disqualified or that the true bill was found by a grand jury composed of only twelve men, one of whom was disqualified, the Court would necessarily conclude that the bill was not found by a legal grand jury. There are no facts set out in the record showing that the appellant was prejudiced by the disqualification of the juror, and the appeal must be dismissed."

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.