

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 8, 1947

FAGAN DICKSON
FIRST ASSISTANT

Hon. C. H. Cavness
State Auditor
Capitol Station
Austin, Texas

Opinion No. V-371

Re: The legality of a state
employee's receiving and
using the jury fee for
serving as a juror while
on state payroll.

Dear Sir:

Your request for an opinion upon the above subject matter is as follows:

"I shall greatly appreciate your opinion as to whether it is legal, under our Constitution and Statutes, for a State employee to receive, and use the proceeds of, fees for serving as a juror in the District or County Courts of the State while he is also drawing pay on some State payroll.

"It appears there is considerable confusion on this matter. We find that some departments are holding that a State employee should not accept a jury fee, others ask them to turn any such fees they have received into the State Treasury, and still others permit them to accept and keep such fees. In all this of course it is assumed that the employee is given a temporary leave of absence without deduction in his State pay for such time as he may be serving on jury duty."

Your question involves Sections 33 and 40 of Article XVI of the Texas Constitution, and Section 2 (14)c of the Current Departmental Appropriation Bill, being S.B. 391, Chapter 400, Acts Fiftieth Legislature, R. S. 1947.

Section 40 of Article XVI of the Texas Constitution reads in part as follows:

390

> "No person shall hold or exercise, at the same time, more than one civil office of emolument, except . . . ."

Section 33 of this same Article reads in part as follows:

> "The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution."

Section 2 (14)c S.B. 391, Chapter 400 Acts of the Fiftieth Legislature reads as follows:

> "Salary payments. No salary for which an appropriation is made herein shall be paid to any person unless such person actually discharges assigned duties."

This Department held in Opinion No. O-6185 that the County Treasurer was not authorized to deduct from the regular compensation of County employees the amount paid to such employees for jury service while serving on a petit jury. In a letter opinion dated May 20, 1938, addressed to Honorable W. Pat Camp, Assistant Criminal District Attorney, San Antonio, Texas, and signed by R.E. Gray, Assistant Attorney General, it was held that a Deputy Tax Assessor-Collector was entitled to receive and use his pay for services while serving as a grand juror.

Article 16, Section 19, of the Texas Constitution, provides in part:

> "The Legislature shall prescribe by law the qualifications of grand and petit jurors."

Article 1235, V.C.S. provides in part:

> "All competent jurors are liable to jury service except the following persons:
>
> ". . . .
>
> "2. All civil officers of this State and of the United States." See also Art.616, C.C.P.

It has been held many times that officers or employees of the State or County are qualified to serve as grand or petit jurors. Edgar vs. State, Crim. App., 127 S.W. 1053; Mingo vs. State, Crim. App., 133 S.W. 882; Counts vs. State, Crim. App., 181 S.W.723.

> "The holding of civic office is ground for exempting a juror on his application, but it is not ground of challenge." 26 Tex. Jur. 744.

It has been held that neither a grand juror nor a petit juror holds an "office" within the meaning of the constitutional and statutory provisions prohibiting the holding of two offices. State vs. Graham, 79 S.C. 116, 60 S.E. 431; Territory vs. Hopt, 3 Utah 396, 4 P. 250,255.

In the latter case the court said:

> "In U. S. v. Hartwell, 6 Wall. 393, the court say: 'An office is a public station or employment, conferred by the appointment of government. The term embraces the ideas of tenure, duration, employment, and duties.'

> "M. Bouvier, in his dictionary, defines office to be 'a right to exercise a public function or employment, and to take the fees and emoluments belonging to it.'

> "'The idea of an office, clearly defined, embraces the ideas of tenure, duration, fees or emoluments, rights and powers, as well as that of duty; a public employment confirmed by appointment of government.' Burrill, Law Dict.

> "In 20 Johns. 493, Platt defines office to be 'an employment on behalf of the government in any station or public trust, not merely transient, occasional, or incidental.'

> "An office is defined to be 'a right to exercise a public function or employment, and to take the fees and emoluments belonging to it.' Streeter v. Rush, 25 Cal. 98; People v. Stratton, 28 Cal. 388.

> "Jury duty is in the nature of service due from the citizen to the government, necessarily required in the administration of its laws.

392

Its character has but little similarity to tenure,
duration, power, and the right to exercise powers
conferred by the appointment of government, which
are essential characteristics of office, 'and not
mere transient, occasional, or incidental.' The
name of the man is selected, and, with 199 others,
is placed in a box which is denominated the jury-
box, from which it is drawn by chance; and, with-
out his knowledge of any previous steps, he is sum-
moned to appear in court to perform the duty of a
juror. It is true, he has a duty of a public na-
ture to perform, and for it he is compensated out
of the public treasury; but in what other respect
does his position or his duties correspond with
the essential elements of office? He has no cer-
tain term of office. He has no right to, and has
no power to enforce a right to, the performance
of any act or service which constitutes the per-
formance of official duty. He is liable at any mo-
ment to be discharged by the court from all ser-
vice; and to be excused by either party from serv-
ing in the trial of any cause without consulting
his wishes or interests. The oath he takes, in
its terms and scope, limits his duty to the facts
of the particular case then on trial, and is not
the oath required by the laws of this territory,
or by the constitution and laws of the United
States, to be taken by public officers. State v.
Bradley, 48 Conn. 535. The position of a jury-
man is, to a certain extent, a 'place of public
trust and emolument,' but not in the sense of
these statutory provisions."

We accordingly hold that a juror does not hold
a "civil office of emolument" within the meaning of Sec-
tion 40, of Article XVI, of the Texas Constitution.

The next inquiry is whether a person while ser-
ving as a juror holds a "position of honor, trust or prof-
it, under this State," within the meaning of Sec. 33 of
Art. XVI, Texas Constitution.

Words and Phrases, Vol. 33, pages 51 and 53 de-
fines a "position" as follows:

"A 'position' is analogous to an 'office',
in that the duties that pertain to it are per-
manent and certain, but it differs from an office
in that its duties may be nongovernmental and

not assigned to it by any public law of the
state. An 'employment' is differentiated from
both an office and a position, in that its
duties, which are nongovernmental, are neither
certain nor permanent. Board of Education of
City of Bayonne v. Bidgood, Sup., 168 A 162,163,
11 N.J. Misc. 735.

"A position is analogous to an office, in
that the duties that pertain to it are permanent
and certain, and it differs from an office in
that its duties may be nongovernmental, and
not assigned to it by public law. Fredericks
v. Board of Health of Town of West Hoboken,
82 A. 528, 529, 82 NJL. 200."

In Johnston v. Chambers, (Ga) 98 S.E. 263 (1919)
the police commissioner of the City of Atlanta by the
name of Chambers was a member of a local draft board at
the time of his election and induction into office. The
charter of the City of Atlanta provided:

"It shall be unlawful for any person hold-
ing an office or position of trust, emolument,
or regular employment under appointment by the
President of the United States . . . . to oc-
cupy or hold any other office or position of
trust, honor, or emolument or regular employ-
ment in or under the city government . . ."

Suit was for mandamus to have Chambers declared ineligi-
ble for the office of police commissioner. It was held
that membership on the local draft board was not a "po-
sition of trust" within the meaning of the language of
the Atlanta Charter above quoted. The Supreme Court of
Georgia said:

"The duties which these boards were called
upon to perform were of the most exalted character,
but they were as transitory and ephemeral as they
were exalted; and it was the duty of any citizen
called to membership upon one of these boards whe-
ther a private citizen or the holder of any office,
to lay aside all other duties for the hour and re-
spond to the call. The court below properly denied
the application."

In Reading v. Maxwell, 52 P. (2d) 1155, the Su-
preme Court of Arizona held that a person holding appoint-
ment as clerk in the Phoenix Water Department did not
thereby hold a "position" within the meaning of the term

as used in an ordinance classifying employees under Civil Service.

In Opinion No. 0-2798, this office held that the Criminal District Attorney for Ellis County, Texas was entitled to be paid by the State for professional services rendered the State in a civil case in which the State was sued as a defendant. The Criminal District Attorney came into the civil case at the request of the Attorney General but he was not an Assistant Attorney General. The case involved the liability of the State for damages in the construction of a highway and was not one the Criminal District Attorney was called upon to defend. As an attorney in the case the Criminal District Attorney was "an officer of the court" but the opinion held that Section 33, Article XVI of the Constitution did not prevent the accounting officers of this State from paying the Criminal District Attorney for services rendered the State in the civil suit.

In Opinion No. 0-4313 this office held that a member of the State Board of Education could also serve as a member of an Alien Enemy Hearing Board. In holding that membership on an Alien Enemy Hearing Board was not a "position" within the meaning of that term as used in Section 33, of Article XVI, Texas Constitution, the then Attorney General said:

"The term 'position' implies, among others, stability, compensation, duration. The absence, or relative absence, of these essentials, appertaining to membership upon an Alien Enemy Hearing Board, is manifest from our review of its origin, status and character. Particularly controlling are these facts: membership upon the Board is entirely temporary; its members are engaged in the doing of an emergency service for the Government in time of war; the services performed are essentially desultory, sporadic, occasional; no compensation is paid and there is an absence of permanency and continuity in the Board itself."

The same observations are applicable to jury service. It is a duty of citizenship rather than a "position" freely chosen. Service as a juror totally lacks the elements of permanency and continuity which are essential characteristics of an "office or position" as those terms are used in Section 33, of Article 16, Texas

Constitution. We accordingly hold that it is legal for a State employee to receive and use the fees received for doing jury service.

Whether a State employee can be paid his salary for time spent serving as a juror is a fact question which must be determined primarily by the Head of the Department in which such employee works. Your question assumed that "the employee is given a temporary leave of absence without deduction in his State pay for such time as he may be serving on jury duty". We accordingly assume that the Head of the Department in which such employee works found such person had actually discharged his assigned duties. Otherwise, his leave of absence should be without pay.

## SUMMARY

A State employee may receive and use fees received by him for jury service without any deductions in his State pay, if such person also discharges the duties assigned to him by the Head of the Department in which he works. If not, leave of absence should be granted without pay during such jury service. Sec. 33 and 40, Art XVI, Texas Constitution; Sec. 2(14)c Ch. 400 S. B. 391, Acts 50th Legislature, 1947.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fagan Dickson*

Fagan Dickson
First Assistant

APPROVED

*Price Daniel*

ATTORNEY GENERAL

FD:mw:jrb