22163

The STATE, Respondent, v. Richard STEWART, Appellant.
(320 S. E. (2d) 447)

Supreme Court

*David I. Bruck* and *South Carolina Office of Appellate Defense*, Columbia, *Charles W. Whiten, Jr.*, Anderson County Public Defender, and *Frank James*, Anderson, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Carlisle Roberts, Jr.,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard June 7, 1984.

Decided Sept. 5, 1984.

GREGORY, Justice:

Appellant Richard Stewart was found guilty of murder and sentenced to death pursuant to S. C. Code Ann. § 16-3-20 (Cum. Supp. 1983). We consolidate Stewart's direct appeal with the mandatory review required by § 16-3-25. We affirm the conviction but reverse the sentence and remand for a new sentencing proceeding.

Appellant Richard Stewart was indicted for the murder of Mrs. Junie Rider, an elderly widow. The State alleged appellant broke into Mrs. Rider's home, stole $13 from her, stabbed her several times, and stomped on her head as she lay on the floor with such force as to break her jaw, crush the cheekbone on the opposite side of her face, and cause her dentures to break and fly out of her mouth. Sometime during this attack, appellant allegedly ripped the crotch from Mrs. Rider's slacks and girdle.

Appellant was found guilty of murder. At the sentencing phase of the trial, the jurors were instructed they could consider as aggravating circumstances: (1) assault with intent to ravish; (2) robbery while armed with a deadly weapon; (3) larceny with use of a deadly weapon; and (4) housebreaking. The jury found the existence of all of these aggravating circumstances and recommended appellant be sentenced to death.

## I. Guilt Phase

Appellant argues the trial judge erred in allowing the reply testimony of Michael Wardlaw. We disagree.

The admission of reply testimony is a matter within the sound discretion of the trial judge. *State v. Bailey,* 279 S. C. 437, 308 S. E. (2d) 795 (1983). The admission of testimony which is arguably contradictory of and in reply to earlier testimony does not constitute an abuse of discretion. *State v. Groome,* 274 S. C. 189, 262 S. E. (2d) 31 (1980).

The State's evidence in its case in chief included appellant's full confession. Then, appellant presented alibi witnesses, friends and family, who accounted for all but approximately forty-five minutes of appellant's whereabouts at the time of the murder. Wardlaw, an "associate" of appellant, testified in reply to appellant's defense, that appellant admitted to him while they were walking past Mrs. Rider's home sometime after her death, that that was the home where he "stabbed that old woman." We find no abuse of discretion on the part of the trial judge in allowing this testimony in reply as it is arguably contradictory of the testimony of appellant's witnesses that appellant was elsewhere during the commission of the murder.

## II. Sentencing Phase

First, appellant contends the trial judge erred in admitting evidence at the sentencing phase of the trial that appellant had committed similar crimes before and after Mrs. Rider's murder.

Section 16-3-20(B) of the Code provides in part: "In the sentencing proceeding, the jury or judge shall hear additional evidence in extenuation, mitigation, *or aggravation* of the punishment." (emphasis added). Before a death sentence may be imposed, the attention of the jury or judge must be directed to the specific circumstances of the crime and the characteristics of the person who committed the crime. *State v. Shaw,* 273 S. C. 194, 255 S. E. (2d) 799, *cert. denied,* 444 U. S. 957, 100 S. Ct. 437, 62 L. Ed. (2d) 329 and *Roach v. South Carolina,* 444 U. S. 1026, 100 S. Ct. 690, 62 L. Ed. 660 (1980). In *State v. Koon,* 278 S. C. 528, 298 S. E. (2d) 769 (1982) (*Koon I*), this Court held the admission of testimony that Koon had previously attempted a similar crime was not error as the testimony indicated Koon's individual characteristics and his predisposition to commit similar crimes. We find the admission of similar crimes allegedly committed by appellant proper under the *Koon I* decision.

Appellant argues, however, that these offenses of which he has not been convicted could have been considered by the jury as evidence to prove the statutory aggravating circumstances in this case. He asserts the trial judge should have properly limited the jury's consideration of these offenses to evidence

of appellant's characteristics as they may bear logical relevance to the crime.

We agree with appellant and hold the jury must be instructed these offenses may not be used as proof of the statutory aggravating circumstances. Here, however, the trial judge properly instructed the jury on this matter.

Appellant next argues the trial judge erred in admitting evidence of appellant's prior convictions. Again, we disagree. "[I]nformation concerning prior criminal convictions shall be admissible as additional evidence during the sentencing or representing phase of a capital trial under [the South Carolina death penalty] statute" *State v. Plath*, 313 S. E. (2d) 619 (S. C. 1984). The trial judge instructed the jurors that they could consider the convictions not as proof of aggravating circumstances, but only as tending to show appellant's characteristics; thus, appellant's argument that the jury was not so instructed is meritless.

Next, appellant argues the trial judge erred in excluding from the sentencing proceeding testimony by jail and stockade officers regarding appellant's past behavior in jail. We agree.

The State contends appellant did not seek to introduce testimony regarding his past behavior in jail, but only his future adaptability to life in prison. Appellant argues that the trial judge should have realized the lay testimony would necessarily have included appellant's past behavior in jail and that, under *State v. Koon*, Davis' Advanced Sheets, Opinion No. 22075, filed April 3, 1984, (*Koon II*), such testimony is admissible.

The trial judge did not have the benefit of the *Koon II* opinion. In that decision, this Court held that, while future adaptability to prison is irrelevant because it does not bear upon a defendant's character, past behavior in prison is relevant because it does bear upon a defendant's character. Appellant's counsel should have made clear the testimony of the stockade and jail officers would involve appellant's past behavior in prison.

However inartfully worded appellant's trial counsel's argument, we find the trial judge should have allowed the testimony of the stockade and jail officers.

Finally, appellant argues the trial judge, in his instruction regarding the statutory aggravating circumstances of assault with intent to ravish, erroneously omitted the essential element that the accused must have intended to accomplish penetration of the genital area of the victim by means of the male genital organ. We disagree.

The old crimes of rape and assault with intent to ravish included as an element penetration by the male genital organ. *See State v. Tuckness,* 257 S. C. 295, 185 S. E. (2d) 607 (1971). The statutes dealing with rape and assault with intent to ravish were repealed by Act No. 157 of the 1977 Acts and Joint Resolutions of the General Assembly. In the same act, the crime of criminal sexual conduct was established. A sexual battery is defined in § 16-3-651 of the Code as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ." In *State v. Elmore,* 279 S. C. 417, 308 S. E. (2d) 781 (1983), this Court held that the legislature intended the terms "rape" and "criminal sexual conduct" be interchangeable. Likewise, "assault with intent to ravish" and "assault with intent to commit criminal sexual conduct" are interchangeable. We conclude the aggravating circumstances of rape and assault with intent to ravish do not require as an essential element the intent to accomplish penetration by the male genital organ.

We have carefully reviewed appellant's remaining exceptions and searched the entire record for other error and find none. We note, however, that counsel for appellant made an improper remark during closing arguments of the sentencing phase of the trial and should refrain from this in the new sentencing proceeding. Counsel for appellant stated:

> You may deter Richard Stewart by killing him and I'll admit, and I will be the first to admit, you might deter him from killing again, but you can also deter him by putting him in jail for life.
>
> And, if he gets a life sentence, he will serve life. *I will guarantee you he will be in jail for his entire life.* And that certainly is a deterrent. (emphasis added).

This Court has stated numerous times the jury should not consider as a factor for recommending a sentence the possibility of parole and the Solicitor should refrain from arguing that as a consideration. Likewise, defense counsel should not argue that a defendant will spend the rest of his life in prison if sentenced to life imprisonment. It would do well for defense counsel to remember that the people of the State as well as the defendant are entitled to a fair trial. A defendant sentenced to life imprisonment is eligible for parole after serving twenty years. § 16-3-20. It is patently misleading and improper for counsel to argue that he will guarantee a defendant will spend his entire life in prison if sentenced to life imprisonment.

We affirm appellant's conviction, but reverse and remand for a new sentencing proceeding.

Affirmed in part; reversed in part and remanded.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.