285 S.C. 42 (1985)
328 S.E.2d 58
The STATE, Respondent,
v.
Ronald DeRay SKIPPER, Appellant.
22234
Supreme Court of South Carolina.
February 12, 1985.
*43 *44 Richard G. Dusenbury, Florence, and South Carolina Office of Appellate Defense, Columbia, for appellant.
Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., and Charles H. Richardson, Columbia, and Sol. James O. Dunn, Conway, for respondent.
Feb. 12, 1985.
CHANDLER, Justice:
Appellant was convicted of murder and first degree criminal sexual conduct (rape), and sentenced to death and thirty years imprisonment.
We consolidate his appeal and our mandatory review of the death sentence, and affirm.

FACTS
On the evening of November 1, 1982, Maryanne Wray (victim) went with two friends to the Rainy Day Inn in Garden City. Around 11:00 p.m. she left with Appellant, telling her friends that they were going to the beach. Later her friends saw Appellant and the victim on the beach, embracing. When she did not return to the Inn, the friends left at 2:00 a.m.
The victim's body was found the next morning at a house near the Garden City pier; she had been strangled.
Appellant was arrested on November 2 and, on the basis of a photographic and live lineup, charged with the crimes.

ISSUES
Appellant contends numerous reversible errors were committed in the (I) jury selection, (II) guilt and (III) sentencing phases of his trial.

I. JURY SELECTION
First, Appellant contends the trial judge erred in refusing his motion to quash the jury venire. We disagree.
Appellant argues that S.C. Code Ann. § 14-7-850 (1976 & Supp. 1983), in providing optional jury service to practicing physicians, lawyers, men and women over 65 *45 and others, systematically excludes certain categories. Specifically, he contends that input from physician jurors would contribute to the solution of medical and scientific issues before the jury.
The exception is without merit. The statute does not exclude or disqualify any category of citizens. Rather, it grants an option which the juror alone may exercise. State v. Graham, 79 S.C. 116, 60 S.E. 131 (1908).
There was no systematic exclusion of jurors.
Next, Appellant contends the excusal for cause of two jurors was improper. We disagree.
Juror Madelyn Jane Antil (Antil) was under voir dire examination when the Court recessed for lunch. During the lunch hour she went to the trial judge's chambers and advised him that she was nervous because of her awareness of Appellant's prior convictions. The judge then brought in Antil's mother who advised him of her daughter's serious medical problems.
After recess the judge announced his excusal of Antil for cause. When Appellant's counsel objected, the judge gave a detailed explanation for his ruling. He stated that, commencing on the previous day, he had observed Antil closely. She appeared to be in somewhat of a stupor, her speech was slurred, her eyes fluttered and were closed during part of her testimony. She was extremely nervous and had difficulty answering questions.
From these observations and what he had learned at chambers, the judge concluded Antil was not competent to serve and stated:
I have a duty to this defendant to assure him of a fair and impartial jury. I feel it would be to the best interest of the defendant that this juror be excused.
The actions of the trial judge were both correct and proper. "It is the duty of the trial judge to assure himself that each and every prospective juror is unbiased, fair and impartial," State v. Holland, 261 S.C. 488, 495, 201 S.E. (2d) 118 (1973), and "[t]he method and scope of voir dire is within the trial court's discretion." State v. Thompson, 278 S.C. 1, 10, 292 S.E. (2d) 581 (1982), cert. den. 456 U.S. 938, 102 S.Ct. 1996, 72 L.Ed. (2d) 458.
*46 The second juror, Carolyn W. Livingston (Livingston), was excused by the Court on the ground of her opposition to the death penalty. Appellant contends her excusal was in violation of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed. (2d) 776 (1968). We disagree.
Although in an isolated portion of her testimony she appeared to agree that under certain circumstances she could agree to the death penalty, Livingston stated categorically that she could not vote to impose the death penalty:
Q. To boil it down to just one question. Based on your views of life, all that you feel, your upbringing and everything, could you really in any case sign your name on a piece of paper to put somebody in the electric chair? Could you? Anybody? (Emphasis supplied.) A. No, I don't. No, because I don't want to live with it.
As in State v. Plath, 281 S.C. 1, 6, 313 S.E. (2d) 619 (1984), we find "[this response] fully warranted disqualification of the juror."
"The entire colloquy in voir dire and not isolated portions, determines the qualifications of jurors to serve." State v. Truesdale, S.C. ___ S.E. (2d) ___ (1984).

II. GUILT PHASE
Appellant contends that during jury deliberation of 4 the guilt phase, an alleged ex parte communication between the trial judge and Brian Gibbes, a state's attorney, entitled Appellant to a mistrial. We disagree.
From the record it is clear that the incident complained of was not a communication within the definition and application of the term "ex parte."
According to the testimony, Mr. Gibbes, while at chambers and in presence of the trial judge's law clerk, was requested by the judge to submit authority on a point of law. At that moment Appellant's counsel, Mr. Dusenbury, entered. He contends Mr. Gibbes was pointing to underlying sections of some opinions which constituted an ex parte communication and grounds for mistrial.
The trial judge's explanation of what occurred is set forth in this colloquy:

*47 The Court: ... Mr. Dusenbury, what happened is, at the close of court on Friday he (Mr. Gibbes) came into chambers. I said, `If you have any authority on that particular proposition, please submit it to me so I can study it.' Before I had chance to send for you to ask likewise, you walked in and I told you if you had any authority to please present it in order to give me a chance to do some studying over the weekend, which I did. (Parenthesis supplied.)
Appellant's contention that the alleged ex parte conference improperly influenced the trial judge's later ruling in the sentencing phase on admissibility of certain evidence is conjecture.
While ex parte communications are grossly improper and must be dealt with accordingly, there is no evidence here of any substantive discussion of Appellant's trial, only a request by the Court for legal authorities on points of law.

III. SENTENCING PHASE
First, Appellant contends error was committed in the admission of details of other crimes, and of evidence in aggravation not delineated in the death penalty statute. Specifically, he argues that details incident to Appellant's rape of State's witness, Sue Stuckey, were inadmissible. We disagree.
The initial disclosure of Appellant's rape of Stuckey occurred during his counsel's opening statement. As a trial strategy, counsel informed the jury that Appellant had been convicted of three sexual crimes, including the rape of Stuckey.
In the guilt phase Appellant conceded that conviction for rape of Stuckey was admissible under State v. Lyle, 125 S.C. 406, 118 S.E. 803 (1923). His objection is confined to the details of her rape testified to by Stuckey in the sentencing phase.
In the sentencing phase of a capital case it is essential that the jury have for consideration all pertinent information about the defendant on trial for his life. Barefoot v. Estelle, 463 U.S. 880, ___, 103 S.Ct. 3383, 3396, 77 L.Ed. 1090, 1107 (1983), cited in State v. Plath, 281 S.C. 1, 313 S.E. (2d) 619 (1984).
"What is essential is that the jury have before it all possible relevant information about the individual defendant whose *48 fate it must determine." Jurek v. Texas, 428 U.S. 262, 276, 96 S.Ct. 2950, 2958, 49 L.Ed. (2d) 929, 941 (1976).
Appellant's contention that, in the sentencing phase, evidence of non-statutory aggravating circumstances is inadmissible is refuted by numerous decisions of this Court, the United States Supreme Court and courts of other jurisdictions. Barclay v. Florida, 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed. (2d) 1134 (1983); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed. (2d) 859 (1976); Jurek v. Texas, supra; State v. Shaw, 273 S.C. 194, 255 S.E. (2d) 799 (1979), cert. den. 444 U.S. 957, 100 S.Ct. 437, 62 L.Ed. (2d) 329; State v. Koon, 278 S.C. 528, 298 S.E. (2d) 769 (1982), app. after rem. Davis' Advance Sheets, Op. No. 22075, S.C. ___ S.E. (2d) ___, Filed April 3, 1984; State v. Plath, 277 S.C. 126, 284 S.E. (2d) 221 (1981), app. after rem. 281 S.C. 1, 313 S.E. (2d) 619 (1984); Barfield v. Harris, 719 F. (2d) 58 (4th Cir.1984).
Here, the trial judge ruled that circumstances of prior offenses were admissible only in reference to characteristics of Appellant. Evidence of such circumstances was properly admitted.
Next, Appellant charges error in refusal of trial judge to permit testimony of Appellant's adjustment to prison life. We disagree.
The trial judge properly refused to admit evidence of Appellant's future adaptability to prison life. State v. Koon, supra. However, evidence of his past adaptability was admitted through testimony of his former wife, his mother and his own testimony. This contention is without merit.
Appellant next contends that the Solicitor's final argument was an appeal to the passion and prejudice of the jury. We disagree.
The propriety of jury argument rests in the sound discretion of the trial judge and, absent an abuse amounting to an error of law, will not be disturbed. State v. Durden, 264 S.C. 86, 212 S.E. (2d) 587 (1975); State v. Pitts, 256 S.C. 420; 182 S.E. (2d) 738 (1971).
We find from a review of the record, that the portions of the Solicitor's argument complained of do not constitute error when applied to the decisions of our Court.
*49 Finally, Appellant, citing State v. Stewart, S.C. 320 S.E. (2d) 447 (1984), contends the trial judge erred in failing to give a jury instruction that details of prior convictions could only be considered as evidence of his characteristics, and could not be used as proof of the statutory aggravating circumstances of rape. We disagree.
In Stewart we held under the facts of that case that such a limiting instruction must be given. However, our holding was not intended to require the instruction where, as here, the statutory aggravating circumstance relied upon by the State in the sentencing phase has been proven beyond a reasonable doubt in the guilt phase.
This case is distinguished from Stewart. The test to be applied is whether failure to give the charge is prejudicial to the defendant. Where, as here, the State's alleged statutory aggravating circumstances has been established in the guilt phase by Appellant's conviction of rape, no prejudice resulted to him from failure to give the limiting charge to the jury in the sentencing phase.
Indeed, in the sentencing phase the State introduced no evidence of the crime of rape additional to that in the guilt phase, relying wholly upon the Court's granting of its motion "to introduce into the punishment phase of this trial all evidence previously admitted into the guilt phase of the trial."
Accordingly, we hold that where the defendant has not been convicted in the guilt phase of the crime relied upon by the State as the statutory aggravating circumstance, the limiting instruction must be given when the State introduces evidence of details of prior acts or crimes. In those cases the jury must be charged that such evidence can be considered only as to the defendant's characteristics, and not as proof of the alleged statutory aggravating circumstance.
Appellant's reliance upon Stewart is misplaced.

PROPORTIONALITY REVIEW
Pursuant to § 16-3-25(C)(3), we have reviewed the other death penalty cases in this State on the question of proportionality. State v. Shaw and Roach, 273 S.C. 194, 255 S.E. (2d) 799 (1979).
*50 We find the sentence is not excessive or disproportionate to that imposed in similar cases. The death penalty is fully justified by the evidence of this case.
Affirmed.
LITTLEJOHN, C.J., and NESS, GREGORY and HARWELL, JJ., concur.