22075

The STATE, Respondent, v. Paul F. Koon, Appellant.

(328 S. E. (2d) 625)

Supreme Court

*David I. Bruck*, Columbia, and *Michael L. Johnson* and *James E. Whittle, Jr.*, Aiken, *for appellant*.

*Atty. Gen. T. Travis Medlock*, and *Asst. Attys. Gen. John R. Rakowsky, Harold M. Coombs, Jr.*, and *Charles H. Richardson*, and *Sol. Robert J. Harte, for respondent*.

Heard March 7, 1984.

Decided April 3, 1985.

GREGORY, Justice:

Appellant Paul F. Koon appeals from the death sentence recommended by the jury and imposed by the trial judge in his resentencing proceeding. We consolidate his appeal and the mandatory review provided by S. C. Code Ann. § 16-3-25 (Cum. Supp. 1983), and affirm.

Koon was convicted of murder and sentenced to death pursuant to § 16-3-20 of the Code in June 1981. On appeal, his conviction was affirmed, his sentence was vacated and the case was remanded for a new sentencing proceeding pursuant to § 16-3-25(E)(2) of the Code. *State v. Koon*, 278 S. C. 528, 298 S. E. (2d) 769 (1982).

ARGUMENT:

In this appeal Koon argues one issue. He contends the trial judge erred in excluding from the jury's consideration testimony from jail and prison officials regarding Koon's good behavior since his arrest.

Koon asserts this evidence of his actual past behavior in prison must be deemed relevant in mitigation of punishment.

The United States Supreme Court held in *Lockett v. Ohio*, 438 U. S. 586, 604, 98 S. Ct. 2954, 2964, 57 L. Ed. (2d) 973 (1978), "the sentencer, in all but the rarest kind of capital case, (should) not be precluded from considering *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." The testimony of the jail and prison officials proffered by Koon bore on his good behavior since his arrest. This is clearly an aspect of his character and would be admissible as a mitigating factor; however, we are of the opinion the exclusion of the testimony is not reversible error.

A psychiatrist who saw Koon from the date of his arrest until the date of his resentencing testified:

> [Persons like Paul Koon] do very well if they are in a structured environment such as a jail, this kind of thing, where they are pretty much told what to do from morning to night. . . . (Tr. p. 1018) [P]aul does very well in a structured environment, such as jail. I saw him in jail in a very small cell for months. He changed very little. He does very well in a structured environment. He does very well if you give him simple work that does not require that he pay a great deal of attention to this because he needs his time for daydreaming. He is happy if left alone in this world. . . . (Tr. p. 1025).

The Court held future adaptability to prison irrelevant evidence because it does not bear on a defendant's character, prior record, or the circumstances of his offense. *Koon, Supra.* Past behavior in prison does bear on a defendant's character and, therefore, is relevant. Koon's psychiatrist testified, without objection by the State, as to Koon's future adaptability to prison *and* as to Koon's past behavior in jail. Therefore, while the testimony of the jail and prison officials as to Koon's good behavior in prison would have been relevant, and admissible, we find no reversible error because similar evidence was admitted and their testimony would have been merely cumulative.

PROPORTIONALITY REVIEW:

In *Pulley v. Harris*, ____ U. S. ____, 104 S. Ct. 871, 79 L. Ed. (2d) 29 (1984), the United States Supreme Court held

that proportionality review, comparing the sentence in the case before the court with the penalties imposed in similar cases, is not constitutionally required. The Court stated the proportionality review was simply an additional safeguard against arbitrarily imposed death sentences. While we are of the opinion our death penalty statutes are carefully drafted and the sentencing authority is given adequate guidance and information so as to safeguard against arbitrarily imposed death sentences and, thus, proportionality review is constitutionally superfluous, it is nevertheless mandated by § 16-3-25(C)(3) of the Code.

In determining whether or not the sentence imposed here is excessive or disproportionate in light of the crime and appellant, we have considered the previous cases where the death penalty was imposed by the trial court and affirmed by this Court: *State v. Plath,* 281 S. C. 1, 33 S. E. (2d) 619 (1984). *State v. Spann,* 279 S. C. 399, 308 S. E. (2d) 518 (1983); *State v. Adams,* 279 S. C. 228, 306 S. E. (2d) 208 (1983); *State v. Yates,* 280 S. C. 29, 310 S. E. (2d) 805 (1982); *State v. Woomer,* 278 S. C. 468, 299 S. E. (2d) 317 (1982); *State v. Copeland,* 278 S. C. 572, 300 S. E. (2d) 63 (1982); *State v. Thompson,* 278 S. C. 1, 292 S. E. (2d) 581, *cert. denied,* 456 U. S. 938, 102 S. Ct. 1996, 72 L. Ed. (2d) 458 (1982); *State v. Butler,* 277 S. C. 452, 290 S. E. (2d) 1, *cert. denied,* 459 U. S. 932, 103 S. Ct. 242, 74 L. Ed. (2d) 191 (1982); *State v. Gilbert,* 277 S. C. 53, 283 S. E. (2d) 179 (1981), *cert. denied,* 456 U. S. 984, 102 S. Ct. 2258, 72 L. Ed. (2d) 863 (1982); *State v. Hyman,* 276 S. C. 559, 281 S. E. (2d) 209 (1981), cert. denied, 458 U. S. 1122, 102 S. Ct. 3510, 73 L. Ed. (2d) 1384 (1982); *State v. Shaw,* 273 S. C. 194, 255 S. E. (2d) 799, *cert. denied,* 444 U. S. 957, 100 S. Ct. 437, 62 L. Ed. (2d) 329 (1979) and *Roach v. South Carolina,* 444 U. S. 1026, 100 S. Ct. 690, 62 L. Ed. (2d) 660 (1980).

None of these cases presents facts comparable to this case; thus, as predicted in *Copeland, Supra,* our "pool" of comparable cases has grown. Here, Paul Koon abducted a young woman as she was entering her automobile at an Augusta, Georgia shopping center. He drove her to a secluded, remote area in South Carolina, approximately twenty miles from the shopping center. While there were witnesses who observed the events leading to the abduction, only Paul Koon knows what occurred at the site of the murder,

and he contends he cannot recollect much of that. He does remember where he took the victim and he remembers she ran from the car when he stopped it, he caught her, and strangled her. While Koon's psychiatrist testified Koon told him he had "some sexual something" on his mind when he abducted the victim, the victim's body was so badly decomposed that no physical evidence of sexual assault was available. Thus, the only aggravating circumstance was kidnapping. Among the mitigating circumstances presented were: (1) Koon had no prior criminal record, (2) Koon had an intermittent explosive disorder, (3) Koon was very remorseful, and (4) Koon behaved well 99% of the time.

We have reviewed the entire record for reversible error and find none. We find the death penalty neither excessive nor inappropriate in light of the circumstances of the crime and the character of appellant.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.