22322

The STATE, Respondent, v. Edward Lee ELMORE, Appellant.
(322 S. E. (2d) 762)

Supreme Court

*David I. Bruck*, Columbia, *Greenwood County Public Defender Geddes D. Anderson* and *John F. Beasley*, Greenwood, and *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, and *Sol. William T. Jones,* Greenwood, *for respondent.*

Heard April 10, 1985.

Decided May 16, 1985.

GREGORY, Justice:

Edward Lee Elmore was convicted of murder, burglary and criminal sexual conduct.[1] He was sentenced to death. His direct appeal and mandatory sentence review [S. C. Code Ann. § 16-3-25 (Cum. Supp. 1984)] have been consolidated for the purposes of this opinion.

Appellant alleges numerous errors in jury selection, and both the guilt and sentencing phases of the trial. We affirm the convictions and sentence.

## I. *Jury Selection*

Elmore contends the trial judge erred in excusing Bennetta B. Harris as a juror. During *voir dire*, she repeatedly stated she was opposed to the death penalty; however, at one point, she said she'd have to "listen to the case" though, in the same sentence, she repeated her opposition to the death penalty.

Appellant claims her exclusion violated *Witherspoon v. Illinois*, 391 U. S. 510, 88 S. Ct. 1770, 20 L. Ed. (2d) 776 (1968).

---

[1] His first convictions and sentence were reversed by this Court and remanded for retrial. *State v. Elmore*, 279 S. C. 417, 308 S. E. (2d) 781 (1983). This appeal stems from that retrial.

We disagree.

A juror's responses to *voir dire* must be examined in the context of the entire colloquy. *State v. Skipper*, 328 S. E. (2d) 58 (S. C. 1985). A juror may be excused if it is shown that his views would substantially impair performance of his duties as a juror. *Wainwright v. Witt*, _____ U. S. _____, 105 S. Ct. 844, 83 L. Ed. (2d) 841 (1985). Opposition to the death penalty does not have to be demonstrated with unmistakable clarity. *Wainwright v. Witt*, *supra*.

Clearly, Mrs. Harris's responses, viewed in their entirety, would have impaired her performance as a juror. Her brief equivocation did nothing to alter this view. We note she never stated she could, in fact, impose the death penalty. Her exclusion was proper.

## II. *Guilt Phase*

After appellant's arrest, he was questioned several times. Prior to each interrogation, he was given *Miranda* warnings. He was warned that any statement could be used "for or against" him. He claims the warnings were defective, and his subsequent statements should have been excluded at trial. We disagree.

This Court held in *State v. Singleton*, 326 S. E. (2d) 153 (S. C. 1985) that an identical *Miranda* warning was proper. "*Miranda* does not mandate rigidity and an effective equivalent of the warnings can fulfill the requirement." *State v. Tyson*, 283 S. C. 375, 323 S. E. (2d) 770, 771 (1984) citing *California v. Prysock*, 453 U. S. 355, 101 S. Ct. 2806, 69 L. Ed. (2d) 696 (1981). The warnings given met the *Tyson* standard. Elmore knew he was in an adversarial situation, and fully understood his rights. This minor deviation from the verbatim *Miranda* warning had no effect on the validity of appellant's waiver.

Appellant also alleges the trial judge erred in failing to charge the jury they must find he understood and waived his rights, in addition to instructing that they must find his statements voluntary. This contention is completely without merit. *State v. Patterson*, 327 S. E. (2d) 650 (1984).

### III. *Sentencing Phase*

At the beginning of the sentencing trial, the judge told the jury they were not to be concerned with Elmore's guilt or innocence. Appellant contends this precluded the jury from a full consideration of mitigating factors, citing *Eddings v. Oklahoma,* 455 U. S. 104, 102 S. Ct. 869, 71 L. Ed. (2d) 1 (1982) and *Lockett v. Ohio,* 438 U. S. 586, 98 S. Ct. 2954, 57 L. Ed. (2d) 973 (1978). We disagree.

■ It is clear the judge was simply advising the jury of their function at this phase of the trial. Appellant's exception is without merit.

■ Appellant further claims it was error to charge the jury not to be governed by sympathy. Clearly, such a charge was proper. *State v. Lucas,* 328 S. E. (2d) 63 (S. C. 1985).

■ Next, appellant contends it was error to submit burglary as an aggravating circumstance because the jury did not find burglary in his first trial, citing the rule of *Bullington v. Missouri,* 451 U. S. 430, 101 S. Ct. 1852, 68 L. Ed. (2d) 270 (1981). He claims his constitutional protection against double jeopardy was violated.

His contention is foreclosed by this Court's opinion in *State v. Gilbert,* 277 S. C. 53, 283 S. E. (2d) 179, *cert. den.,* 456 U. S. 984, 102 S. Ct. 2258, 72 L. Ed. (2d) 863 (1981). Furthermore, any alleged error was harmless beyond a reasonable doubt since the jury found two other independent aggravating circumstances.

Finally, appellant alleges the trial judge erred in excluding the testimony of three prison guards. This testimony was offered in mitigation to show his adaptability to prison life and his rehabilitative characteristics.

■ Undeniably, the evidence of his rehabilitative characteristics was irrelevant and properly excluded. *State v. Skipper,* 328 S. E. (2d) 58 (S. C. 1985).

■ However, it was error to have excluded the testimony of his adaptability to prison life, which would have necessarily reflected his past behavior and character. *State v. Patterson,* 327 S. E. (2d) 650 (S. C. 1984); *State v. Stewart,* 283 S. C. 104, 320 S. E. (2d) 447 (1984); *State v. Koon,*

328 S. E. (2d) 625 (S. C. 1984) [*Koon* II].[2]

Such error is not reversible if it is found to be harmless beyond a reasonable doubt. *State v. Patterson; State v. Koon (Koon* II).

At trial, appellant's mother and four sisters testified as to his character. They testified that he was a good boy who never got into trouble. One sister testified he was not violent, and another stated he could not have committed the murder "unless his mind snapped."

Appellant contends our prior findings of harmless error beyond a reasonable doubt were predicated on a showing that other testimony described a defendant's prison conduct. Such reliance is misplaced. While our earlier cases may be factually distinguishable, they are based on a simple proposition — whether a defendant had an ample opportunity to present non-statutory mitigating circumstances.

It is clear appellant presented a sufficient amount of testimony in mitigation; therefore, error in excluding the proffered testimony was harmless beyond a reasonable doubt.

### IV. *Proportionality Review*

A comparison of the facts of this case with other death penalty cases demonstrates appellant's death sentence is not disproportionate. Mrs. Edwards was savagely attacked and brutally raped. She had multiple pre-mortem injuries all over her body. It is evident she suffered intense pain prior to death. Appellant's sentence was appropriate. *See State v. Singleton,* 326 S. E. (2d) 153 (S. C. 1985); *State v. Chafee and Ferrell,* 328 S. E. (2d) 464 (S. C. 1984); and *State v. Spann,* 279 S. C. 399, 308 S. E. (2d) 518 (1983).

We have thoroughly searched the record, and have found no other errors. Therefore, the convictions and sentence are

Affirmed.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.

---

[2] We realize the trial judge below did not have the benefit of our *Koon* II decision.