23464

The STATE, Respondent v. Kevin Dean YOUNG, Appellant.
(409 S.E. (2d) 352)

Supreme Court

*John H. Blume* and *Franklin W. Draper*, both of *South Carolina Death Penalty Resource Center; S.C. Office of Appellate Defense*, Columbia, and *James R. Mann*, Greenville, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen.*

*Harold M. Coombs, Jr.*, and *William E. Salter, III*, Columbia, and *Sol. George M. Ducworth*, Chester, *for respondent.*

Heard June 10, 1991.

Decided Aug. 12, 1991.

CHANDLER, Justice:

Appellant, Kevin Dean Young (Young), was convicted of murder and sentenced to death. This appeal consolidates his direct appeal and the mandatory review provision of S.C. Code Ann. § 16-3-25 (1976).

We affirm the conviction, reverse the sentence and remand for resentencing.

## FACTS

On August 31, 1988, at approximately 10:00 p.m., Young and two friends, John Glenn and William Bell, went to the West Franklin Street Elementary School in Anderson, South Carolina, armed with a .25 caliber pistol. Bell searched a red Chevrolet parked nearby but found nothing to steal.

The school principal, Dennis Hepler (Victim), was working late that evening. As he was leaving the school, he encountered the trio. Young testified to the following sequence of events leading to Victim's killing: a necklace was snatched from Victim's neck by Bell; Young pointed the pistol at Victim as Bell demanded his wallet; Victim threw his wallet at Bell and "swung" at Young, causing Young to stumble backwards on some steps and shoot Victim in the chest; Bell then took the pistol and shot Victim in the head. However, death resulted from the chest wound.

Victim's wallet contained $67.00. Young, Glenn and Bell took $20.00 each and gave $7.00 to Ray Jones,[1] who gave them a ride after the shooting.

Young was subsequently arrested and charged with death penalty murder; State alleged armed robbery as the aggravating circumstance.

At the guilt phase, State elected to proceed with the charge of murder only, reserving proof of the aggravating circum-

---

[1] Jones, Young's co-defendant, was charged with accessory after the fact to murder.

stance of armed robbery to the sentencing phase. Young was convicted of murder.

At sentencing, the jury found the existence of the aggravating circumstance and recommended the death penalty.

## ISSUES

I. *In the guilt phase,* should testimony regarding bad acts of Young following the murder have been allowed into evidence?

II. *In the sentencing phase:*

A. Should a limiting instruction have been given on Young's prior convictions?

B. Should the Solicitor have been permitted to publish two indictments charging Young with Assault and Battery with intent to kill (ABIK)?

C. Was Young entitled to a jury instruction that "the murder was committed while the defendant was under the influence of mental or emotional disturbance?"

D. Should counsel for co-defendant, Jones, have been permitted to state, in the jury's presence, that Jones was unaware of plea negotiations on his behalf?

## DISCUSSION

### I. GUILT PHASE

The sole guilt phase error asserted is that the Solicitor was allowed to cross-examine Young regarding (1) an alleged shooting the night following Victim's murder, and (2) the trio's purchase of cocaine with money stolen from Victim.[2] He alleges this improperly imputed bad character. We disagree.

A defendant who testifies may be cross-examined on evidence which fairly tends to affect his credibility. *State v. Chasteen*, 231 S.C. 141, 97 S.E. (2d) 517 (1957).

---

[2] Young also alleges error in the admission of the testimony at sentencing of co-defendant, Ray Jones, that Young had the gun the night following the murder, and that the trio purchased cocaine with the stolen money. This testimony was relevant to the sentencing jury's consideration of Young's character and the circumstances of the crime. *State v. Green*, 301 S.C. 347, 392 S.E. (2d) 157 (1990). However, we agree with Young that he was entitled to a limiting instruction. *See* Issue II-A, *infra.*

Here, the Solicitor's questions were proper to rebut Young's testimony that, following the shooting he did not know the whereabouts of the gun, and his further testimony that the trio had "drank a little bit" with the stolen money.

In any event, Young responded negatively to both questions, so that no prejudice resulted. *See State v. Outen*, 237 S.C. 514, 118 S.E. (2d) 175 (1961) *cert. denied* 366 U.S. 977, 81 S. Ct. 1948, 6 L. Ed. (2d) 1266.

## II. SENTENCING PHASE

### A. *Limiting Instruction*

Young alleges reversible error in the trial court's failure to give a limiting instruction on the jury's consideration of his prior convictions.[3] We agree.

Although evidence of prior crimes is admissible in a capital case to demonstrate the defendant's characteristics, we have held that "the jury must be instructed these offenses may not be used as proof of the statutory aggravating circumstances." *State v. Stewart*, 283 S.C. 104, 108, 320 S.E. (2d) 447, 450 (1984). *Stewart* was explained in *State v. Skipper*, 285 S.C. 42, 328 S.E. (2d) 58 (1985) *rev'd on other grounds* 476 U.S. 1, 106 S. Ct. 1669, 90 L. Ed. (2d) 1 (1986), in which we stated:

> We hold that where the defendant has not been convicted in the guilt phase of the crime relied upon by the State as the statutory aggravating circumstance, the limiting instruction must be given when the State introduces evidence of details of prior acts or crimes. In those cases the jury must be charged that such evidence can be considered only as to the defendant's characteristics, and not as proof of the alleged statutory aggravating circumstance.

285 S.C. at 49, 328 S.E. (2d) at 62.

Here, Young was not convicted of armed robbery at the *guilt* phase, the State having chosen to establish the aggravating circumstance at *sentencing* phase only. Accordingly, a limiting instruction regarding Young's prior convictions should have been given; failure to do so constitutes reversible error.

---

[3] Young's prior convictions included: assault and battery; underage possession of alcoholic beverage; public disorderly conduct; an adjudication of delinquency; and assault and battery of a high and aggravated nature.

## B. *ABIK Indictments*

The Solicitor published two indictments to the sentencing jury, each charging Young with ABIK. The indictments stated that Young had shot two men with intent to kill. Young, in fact, pled guilty on both counts to the lesser crime of assault and battery of a high and aggravated nature (ABHAN).

Young, correctly, contends admission of the indictments was prejudicial, constituting reversible error under our opinion in *State v. Arther*, 290 S.C. 291, 350 S.E. (2d) 187 (1986), wherein we stated:

> While information concerning a prior criminal conviction is admissible as additional evidence during the sentencing phase, . . . *information regarding a formal charge that was ultimately dismissed by the prosecutor is irrelevant.*

290 S.C. at 297, 350 S.E. (2d) at 190. (Citation omitted.) (Emphasis supplied.)

The error in citing Young's having committed the crime of ABIK, with which he was *charged,* rather than ABHAN, to which he actually pled guilty, was exacerbated by a closing comment of the Solicitor to the jury that "He's lucky he didn't kill somebody *then.*" (Emphasis supplied.)

Finally, the court gave the jury no limiting instruction as to its consideration of either ABIK or ABHAN.[4]

Clearly, Young was prejudiced by these errors.

### C. *Statutory Mitigating Circumstance*

Evidence was presented that Young and his companions had been drinking heavily on the night of the murder.

Pursuant to S.C. Code Ann. § 16-3-20(C)(b), the trial judge charged the following statutory mitigating circumstances:

> (6) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired;
> (7) The age or mentality of the defendant at the time of the crime; . . .

---

[4] *See* Issue II-A, *infra.*

However, the jury was not charged on the mitigating circumstance in § 16-3-20(C)(b)(2) that "the murder was committed while the defendant was under the influence of mental or emotional disturbance."

We have recently held that where there is evidence the defendant was intoxicated at the time of the crime, the trial judge is *required* to submit the statutory mitigating circumstances in § 16-3-20(C)(b)(2), (6) and (7). *State v. Caldwell*, 300 S.C. 494, 388 S.E. (2d) 816 (1990); *State v. Pierce*, 289 S.C. 430, 346 S.E. (2d) 707 (1986). Accordingly, failure to charge subsection (2) was error.

### D. *Jones' Plea Negotiations*

Young's co-defendant, Ray Jones, was charged with accessory after-the-fact to murder; he testified for the State at sentencing. During cross-examination, Jones testified he was not aware the State had agreed to recommend a lesser sentence in exchange for his testimony. When Young's counsel inquired as to the plea arrangement, counsel for Jones stated:

> Your Honor, I can explain the arrangement. The negotiations between the solicitor as in regards to the statement of Mr. Jones, has been carried on with my knowledge. I did not want to influence Mr. Jones's testimony by what had transpired in the negotiations, so I have not discussed that with him.

We agree with Young that this statement improperly bolstered Jones' credibility, inferring that Jones had no ulterior motive in testifying for the State.

### CONCLUSION

For the reasons set forth above, the conviction is affirmed, the sentence reversed, and the case remanded for resentencing.

In light of our holding, we need not address Young's remaining exceptions.

Affirmed in part; reversed in part; and remanded.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.