**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Santonio Torez Williams, Appellant.

Appellate Case No. 2017-001950

———————

Appeal From Aiken County
Roger M. Young, Sr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-146
Submitted March 1, 2021 – Filed May 5, 2021

———————

**AFFIRMED**

———————

Tristan Michael Shaffer, of Tristan M. Shaffer Attorney at Law, of Chapin, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, all for Respondent.

———————

**PER CURIAM:** Santonio Torez Williams appeals his conviction for murder and sentence to fifty years' imprisonment, arguing the trial court erred by (1) admitting an audio recording into evidence during the State's reply and (2) denying his motion for a new trial when the State failed to disclose that a witness requested a plea deal before he testified at Williams's trial. We affirm.

1. The trial court did not abuse its discretion by admitting the audio recording into evidence during the State's reply. *See State v. Huckabee*, 388 S.C. 232, 240, 694 S.E.2d 781, 785 (Ct. App. 2010) ("[T]he admission of reply testimony is within the sound discretion of the trial court . . . ."). During Williams's case-in-chief, Kahlo Calhoun testified that Demorris Harris told him that he shot the victim. During the State's reply, the trial court admitted into evidence an audio recording of Williams stating that Harris did not shoot the victim. Because the audio recording was not necessary or relevant to the State's case-in-chief and was "arguably contradictory" to Calhoun's testimony, we hold the trial court did not abuse its discretion by admitting the audio recording into evidence during the State's reply. *See State v. Prather*, 429 S.C. 583, 603-04, 840 S.E.2d 551, 561-62 (2020) (finding the trial court did not abuse its discretion by admitting reply testimony that was not necessary until after the defendant testified during his case-in-chief); *id.* at 602, 840 S.E.2d at 561 ("The admission of testimony which is arguably contradictory of and in reply to earlier testimony does not constitute an abuse of discretion." (quoting *State v. Stewart*, 283 S.C. 104, 106, 320 S.E.2d 447, 449 (1984))); *id.* at 603, 840 S.E.2d at 561 ("Any arguably contradictory testimony is proper on reply." (quoting *State v. South*, 285 S.C. 529, 535, 331 S.E.2d 775, 779 (1985))).

2. The trial court did not abuse its discretion by denying Williams's motion for a new trial based on the State's failure to disclose impeachment evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). *See State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 195, 197-98 (1978) ("A motion for a new trial . . . is addressed to the sound discretion of the trial [court]."); *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("[T]his court will affirm the trial court's denial of [a new trial] motion unless the trial court abused its discretion."). As evidence of the State's *Brady* violation, Williams presented testimony indicating the State failed to disclose that a witness who testified at Williams's trial requested a plea deal from the State in exchange for his testimony. Because the State presented "ample evidence" of Williams's guilt at trial, we hold the trial court did not abuse its discretion by finding that Williams failed to show that the witness's testimony was "material" under *Brady*. *See State v. Durant*, 430 S.C. 98, 107, 844 S.E.2d 49, 53 (2020) ("A *Brady* violation occurs when the evidence at issue is: 1) favorable to the accused; 2) in the possession of or known to the prosecution; 3) suppressed by

the prosecution; and 4) material to the defendant's guilt or punishment."), *cert denied*, No. 20-6725, 2021 WL 666663 (U.S. Feb. 22, 2021); *id.* (stating that evidence is material "when there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different"); *State v. Frazier*, 394 S.C. 213, 224, 715 S.E.2d 650, 655 (Ct. App. 2011) ("'A "reasonable probability" is a probability sufficient to undermine confidence in the outcome' of the proceedings." (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985))); *Riddle v. Ozmint*, 369 S.C. 39, 45, 631 S.E.2d 70, 73 (2006) ("The question is not whether [the defendant] would more likely have been acquitted had th[e] evidence been disclosed, but whether, without th[e] impeachment evidence, he received a fair trial 'resulting in a verdict worthy of confidence.'" (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995))); *Durant*, 430 S.C. at 110, 844 S.E.2d at 55 (finding the trial court did not abuse its discretion by finding the State's failure to disclose impeachment evidence was immaterial due to the "ample evidence supporting [the] verdict"); *State v. Carlson*, 363 S.C. 586, 610, 611 S.E.2d 283, 295 (Ct. App. 2005) (stating a defendant who failed to establish a *Brady* violation was not entitled to a new trial).

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.