22338

The STATE, Respondent, v. Jerry W. PLEMMONS, Appellant.

(332 S. E. (2d) 765)

Supreme Court

*Asst. Appellate Defender Elizabeth C. Fullwood, S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, and *Solicitor William L. Ferguson,* York, *for respondent.*

June 3, 1985.

HARWELL, Justice:

The appellant Jerry W. Plemmons was found guilty of murder and armed robbery by a Union County jury and sentenced to death pursuant to S. C. Code Ann. § 16-3-25 (1976), as amended. The case is before this Court pursuant to appellant's direct appeal and the mandatory review provisions of the Code. We affirm.

The appellant shot his 72 year old grandmother Pearl Plemmons, with whom he lived, through the heart. He robbed her of several thousand dollars, which she carried in a pouch in her brassiere, and took change belonging to her which he found in the house.

The appellant contends that failure to charge the law of voluntary manslaughter was error. We disagree and hold the evidence contained no inference of sufficient legal provocation by the victim to justify such a charge.

Manslaughter is the unlawful killing of a human being in sudden heat of passion upon a sufficient legal provocation. *State v. Damon,* 328 S. E. (2d) 628 (S. C. 1985). Heat of passion alone will not suffice to reduce

murder to voluntary manslaughter. *State v. Tyson*, 283 S. C. 375, 323 S. E. (2d) 770 (1984). When death is caused by a deadly weapon, words alone are insufficient to constitute a legal provocation. *State v. Butler*, 277 S. C. 452, 290 S. E. (2d) 1 (1982), *cert. denied*, 459 U. S. 932, 103 S. Ct. 242, 74 L. Ed. (2d) 191 (1982).

The appellant contends that the evidence supports an inference that the domestic quarrel between the appellant and Pearl Plemmons escalated to a point where Pearl actually made a physical assault on appellant or her actions gave rise to the appearance of an imminent battery. This argument is patently without merit. The testimony was uncontradicted that the 72 year old Pearl was so drunk immediately prior to her murder that she was sitting on the living room floor, leaning against the sofa, without her glasses on. Although she was seen shouting, cursing, and pointing her finger at the appellant because he had allowed her 16-year-old mentally retarded protegé to attend a Christmas parade, this conduct would not constitute legal provocation for a killing. In fact, the appellant told the 16-year-old that he killed Pearl because she had a demon and he needed money.[1]

The United States Supreme Court has held that "due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction." *Hopper v. Evans*, 456 U. S. 605, 102 S. Ct. 2049, 72 L. Ed. (2d) 367 (1982). We hold that such evidence was not present here.

The appellant contends that the evidence warranted a charge on larceny as a lesser included offense to armed robbery. We disagree. Robbery is larceny accomplished by force. *State v. Brown*, 274 S. C. 48, 260 S. E. (2d) 719 (1979). Taking by violence or intimidation is not an element of larceny. *Young v. State*, 259 S. C. 383, 192 S. E. (2d) 212 (1972). Here, if the jury found a taking of the victim's property by the appellant, the jury must have also found it was taken forcefully. Whether the appellant was armed at the exact moment he took the money from the victim's person or house is immaterial. *State v. Keith*, 325 S. E. (2d) 325 (S. C. 1985).

---

[1] The record is also replete with evidence of malice. The killing in this case was "murder or nothing." *State v. Dingle*, 279 S. C. 278, 306 S. E. (2d) 223 (1983).

The appellant asserts that his statements to police were not made after a knowing and intelligent waiver of the privilege against self-incrimination. We disagree. A defendant who has invoked his right to counsel can thereafter validly waive this right after initiating contact with the police, but whether a waiver was made depends on the totality of the circumstances. *Oregon v. Bradshaw*, 462 U. S. 1039, 103 S. Ct. 2830, 77 L. Ed. (2d) 405 (1983). The United States Supreme Court "has never held that the psychological impact of voluntary disclosure of a guilty secret qualifies as state compulsion or compromises the voluntariness of a subsequent informed waiver." *Oregon v. Elstad,* _____ U. S. _____, 105 S. Ct. 1285, 84 L. Ed. (2d) 222 (1985) (dictum).

The record reveals that when the SLED agent went to New Jersey to bring the appellant to South Carolina, he gave him full *Miranda* warnings. The appellant signed the acknowledgement of his rights but did not then request a lawyer. After the appellant reached South Carolina, a detective again administered *Miranda* warnings, and the appellant executed a waiver of rights form. When questioned regarding Pearl's disappearance, the appellant answered that someone had taken her to Georgia. The appellant then requested an attorney, and arrangements for obtaining counsel for him were begun. The next morning, the appellant told both a dispatcher and a trusty that he wished to talk to Assistant Chief Harris. Harris took the appellant to his office and gave him full *Miranda* warnings. The appellant then refused to talk. At noon that day the appellant was taken before the Clerk of Court to determine if he qualified for appointed counsel. A circuit judge was unavailable to make the appointment, and the appellant returned to his cell pending the judge's return . At about 2:30 P.M., he again requested to talk with Chief Harris. The Chief again gave the appellant *Miranda* warnings. The Chief then asked appellant where Pearl was, and he agreed to lead police to the shallow grave where he had buried her.

The evidence amply supports the trial court and properly instructed jury's conclusion that the appellant led the police to the body of his own free will, after no promise of reward or threats. The appellant knew he would

shortly be appointed an attorney and admitted that he acted freely and voluntarily. Moreover, suppression of the statement that he would take police to the body would serve no purpose, as his guilt is established beyond a reasonable doubt. *State v. Key*, 256 S. C. 90, 180 S. E. (2d) 888 (1971).

The appellant contends that the trial court erred in denying his motion for a continuance. His attorneys were appointed in December 1983, and the trial occurred in February of 1984. The trial judge properly exercised his discretion in denying the motion. *State v. Copeland*, 278 S. C. 572, 300 S. E. (2d) 63 (1982), *cert. denied*, 460 U. S. 1103, 103 S. Ct. 1802, 76 L. Ed. (2d) 367 (1983). "[R]eversals of refusal of continuance are about as rare as the proverbial hen's teeth." *State v. Lytchfield*, 230 S. C. 405, 95 S. E. (2d) 857 (1957). Moreover, defense counsel did not proffer any affidavits that other witnesses might testify; that further investigation might lead to other evidence; or that additional defenses or testimony in mitigation might be obtained. *State v. Vaughn*, 268 S. C. 119, 232 S. E. (2d) 328 (1977). This exception lacks merit.

The appellant alleges as error the court's refusal to allow a prison chaplain to testify in mitigation of punishment that the appellant had been a model prisoner. Such testimony is relevant to show a defendant's character. *State v. Koon*, 328 S. E. (2d) 625 (S. C. 1985).[2] Nevertheless, its exclusion is harmless when testimony would have been cumulative, *State v. Patterson*, 327 S. E. (2d) 650 (S. C. 1984), or when the appellant had ample opportunity to present evidence of nonstatutory mitigating circumstances. *State v. Elmore II*, 332 S. E. (2d) 762 (S. C. 1985).

In the instant case, a psychiatrist testified about the appellant's background, IQ, and personality characteristics. The doctor stated that the appellant was born to a mentally retarded mother in a State facility, where he spent his first 20 years. He suffered physical and sexual abuse as a child. The appellant is not retarded but has intelligence in the dull to normal range. The doctor opined that the appellant was "childlike, immature, very fearful,

---

[2] *Koon II* was filed over a month after the death sentence was imposed on appellant Plemmons.

panics like a child does, overreacts to stresses and just simply doesn't know how to cope with the ordinary problems of life, much less, the unusual problems of life." The doctor noted that confinement at Whitten Village does not make a person violent.

The jury also heard the appellant's own statement in mitigation that his nerves were bad and that he regretted his misdeed. In addition, the jury considered three statutory mitigating factors: the appellant had no significant history of prior criminal convictions involving the use of violence against another person; the appellant's mentality at the time of the crime; and the victim provoked the appellant. Code § 16-3-20(C)(b)(1), (7), (8) (1976), as amended. We find no reversible error in excluding the testimony of the prison chaplain.

The appellant's argument regarding the jury instruction forbidding sumpathy has been resolved against his position in State v. Chaffee and Ferrell, 328 S. E. (2d) 464 (S. C. 1984).

The appellant next alleges error in the judge's failure to instruct the jury that his prior convictions could be considered only as to his character and not as proof of the statutory aggravating circumstance, citing State v. Stewart, 283 S. C. 104, 320 S. E. (2d) 447 (1984). We disagree. We held in State v. Skipper, 328 S. E. (2d) 58 (S. C. 1985) that where a statutory aggravating circumstance has been proved beyond a reasonable doubt at the guilt phase, no instruction limiting consideration to a defendant's characteristics is necessary.

The appellant finally challenges the judge's refusal to excuse certain members of the jury venire and his decision to excuse others. The determination of whether a juror is qualified for service on a death penalty case is within the sole discretion of the trial judge and is not reviewable on appeal unless wholly unsupported by the evidence. State v. Spann, 279 S. C. 399, 308 S. E. (2d) 518 (1983). We find no abuse of discretion here.

Pursuant to § 16-3-25(C)(3), we have reviewed the other death penalty cases in this state on the question of proportionality. State v. Shaw and Roach, 273 S. C. 194, 255 S. E. (2d) 799 (1979). We conclude that the defen-

dant's character and the crimes for which he was convicted justify the jury's recommendation of death.

We have searched the record for reversible error and find none. The convictions and sentences are, accordingly,

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.