22502

The STATE, Respondent v. Richard STEWART, Appellant.
(341 S. E. (2d) 789)

Supreme Court

*David I. Bruck,* Columbia; *Anderson County Public Defender Robert A. Gamble,* Anderson; and *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia; and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard Feb. 10, 1986.

Decided March 14, 1986.

HARWELL, Justice:

Appellant was convicted of murder by a jury on March 12, 1983, and was sentenced to death upon the jury's recommendation on March 14, 1983. On appeal to this Court, the conviction was affirmed, the death sentence was vacated, and the case was remanded for resentencing. On January 25, 1985, the resentencing jury returned a recommendation of death. The appellant was sentenced accordingly that same day. This case consolidates the appellant's direct appeal and our mandatory review of the death sentence. We reverse and remand for resentencing.

During the retrial of the sentencing phase, the court ruled outside the jury's presence that the guilt or innocence of the appellant would not be retried since the guilt portion of the prior trial had been affirmed on appeal. The court noted that the sentencing proceedings would deal only with matters in aggravation or mitigation of the sentence. The court ruled that the appellant would not be allowed to introduce evidence or present arguments to the resentencing jury which were intended solely to show or suggest that he was not guilty. The appellant was free, however, to introduce any evidence of mitigation, even if it related to the guilt phase of the previous trial.

The resentencing proceeding was conducted pursuant to S. C. Code Ann. § 16-3-25(E)(2) (1976) which provides that

"[T]he new [resentencing] jury ... shall hear evidence in extenuation, mitigation or aggravation of the punishment *in addition to any evidence admitted in the defendant's first trial relating to guilt for the particular crime for which the defendant has been found guilty.*" (emphasis added). Appellant submits that by refusing to permit the resentencing jury to consider the appellant's guilt phase evidence as well as the state's, the trial judge violated both this statutory provision and the Eighth Amendment requirements of *Eddings v. Oklahoma*, 455 U. S. 104, 102 S. Ct. 869, 71 L. Ed. (2d) 1 (1982) and *Lockett v. Ohio*, 438 U. S. 586, 98 S. Ct. 2954, 57 L. Ed (2d) 973 (1978).

Appellant asserted an alibi defense during the guilt phase of his first trial. The primary evidence linking appellant to the murder was a written confession given to the police by the appellant. At trial, however, the defense repudiated this confession and presented alibi witnesses who accounted for all but approximately forty-five minutes of appellant's whereabouts on the day of the murder. The court's ruling that the appellant could not introduce evidence "which was solely intended to show or suggest that appellant was not guilty of the offense of murder" effectively precluded appellant from reintroducing the alibi evidence which he presented at the first trial.

In compliance with this pretrial court ruling, appellant did not attempt to introduce evidence at the resentencing trial which tended to show that he was innocent of the murder, and defense counsel made no jury argument to that effect. The state reintroduced for the sentencing jury's consideration most of the evidence admitted to prove appellant's guilt at the first trial.

We are called upon to consider for the first time what ██ the scope of a resentencing hearing should be when the guilt phase has already been upheld on appeal. This requires an interpretation of S. C. Code Ann. § 16-3-25(E)(2) (1976). We agree with appellant that the evidence tending to establish appellant's alibi was admissible under this statute as "any evidence admitted in the defendant's first trial relating to guilt for the particular crime for which the defendant has been found guilty." The appellant's alibi evidence "related to" his guilt of the crime for which he stood convicted. The appellant, therefore, had

the right to decide whether or not to admit this evidence. In a resentencing hearing, each side has the right to put into evidence anything that is properly put into evidence during the guilt or sentencing phase of the previous trial.

This construction of S. C. Code Ann. § 16-3-25(E)(2) (1976) is consistent with the constitutional requirement of *Eddings v. Oklahoma*, 455 U. S. 104, 102 S. Ct. 869, 71 L. Ed. (2d) 1 (1982) and *Lockett v. Ohio*, 438 U. S. 586, 98 S. Ct. 2954, 57 L. Ed. (2d) 973 (1978) that the sentencing authority in a capital case not be precluded from considering, as a mitigating factor, any of the circumstances to the offense that the defendant offers as a basis for a sentence less than death. When the choice is between life and death, the Eighth Amendment bars any sentencing procedure which creates a risk of the death penalty being imposed even though there may be factors that call for a less severe penalty.

The jury in the first trial was able to hear all the evidence which was admitted in the guilt phase, including the testimony of appellant's alibi witnesses. During the penalty phase, the jury was able to consider the alibi testimony along with the other evidence in determining the appropriate sentence. It is unjust to exclude appellant's alibi evidence as a matter of law from the consideration of the resentencing jury merely because the appellant did not receive a proper sentencing hearing in the first trial.

This Court has explained that "The purpose of the bifurcated trial proceeding is to permit the introduction of evidence at the pre-sentence hearing that normally would be inadmissible at the guilt determination proceeding." *State v. Shaw*, 273 S. C. 194, 208, 255 S. E. (2d) 799, 806 (1979) *quoted in State v. Butler*, 277 S. C. 452, 456, 290 S. E. (2d) 1, 3 (1982). This statutory scheme was designed to protect the accused by forcing the state not to admit certain evidence relevant to the determination of the proper punishment until the guilt or innocence issue has been decided. This greater protection is afforded in capital cases due to the unique character of the death penalty. *State v. Shaw, supra.* The bifurcated structure of a capital proceeding should not be used to prevent guilt phase evidence from being considered in the penalty phase. Since the state's evidence of guilt is admissible at the resentencing hearing, basic fairness requires that

the appellant's evidence of innocence be admitted as well.

Appellant also contends that the lower court erred in ■ admitting into evidence an arrest warrant affidavit.

It is well settled that affidavits are inadmissible in a criminal case. *State v. Latham,* 275 S. C. 550, 273 S. E. (2d) 772 (1981); *State v. Smith,* 230 S. C. 164, 94 S. E. (2d) 886 (1956). Since the sentence is reversed on other grounds, we need not determine whether the admission of the affidavit was harmless error. We note that the state can remedy any potential problem simply by not placing the affidavit into evidence at the appellant's next trial.

Lastly, appellant contends that the trial judge failed ■ to adequately instruct the jury that evidence of other crimes could be considered only as evidence of the appellant's general character and not as proof of any statutory aggravating circumstances. The judge correctly charged the jury on this matter at two points during the trial. The judge's final charge on this matter, however, is somewhat unclear. Again, since the sentence is reversed on other grounds, we do not have to decide whether the judge's charge on this matter, when considered as a whole, was erroneous. To avoid any potential problem at the appellant's future sentencing hearing, the judge should carefully charge the law as it is set forth in *State v. Stewart,* 283 S. C. 104, 320 S. E. (2d) 447 (1984) and excise any portion of his charge which might be confusing to the jury.

We reverse and remand for a new sentencing proceeding.

Reversed and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.