23166

The STATE, Respondent v. Ernest M. RIDDLE, Appellant.
(389 S. E. (2d) 665)

Supreme Court

*David I. Bruck* and *John H. Blume,* Columbia, *Kenneth L. Holland, Arthur L. Shemwell, Jr.,* Gaffney, and *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard Dec. 5, 1988.

Decided Feb. 26, 1990.

CHANDLER, Justice:

Ernest M. Riddle (Riddle) was convicted of murder, burglary, and armed robbery in connection with the August 8, 1985, slaying of Abbie Sue Mullinax. He was sentenced to death for murder, to life imprisonment for burglary, and to 25 years for armed robbery. This Court affirmed the convictions, reversed the death sentence, and remanded for a new sentencing trial. *State v. Riddle,* 291 S. C. 232, 353 S. E. (2d) 138 (1987).

Following his resentencing to death, Riddle's appeal has been consolidated with the review mandated by S. C. Code Ann. § 16-3-25 (1985). We again reverse and remand for another resentencing.

## FACTS

At resentencing, the Solicitor was permitted to introduce the records of Riddle's burglary and armed robbery convictions from the first trial to establish statutory aggravating circumstances that the "[m]urder was committed while in the commission of ... burglary ... [and] robbery while armed with a deadly weapon...." *See* S. C. Code Ann. § 16-3-20(C)(a)(1)(c) & (d) (Supp. 1988). These were the aggravating circumstances relied upon by the State.

During his jury summation, the Solicitor argued that the requisite aggravating circumstances were established by introduction of the prior convictions into evidence. He stated:

> We only have to prove one of those—it was—she was killed in the process of robbery with a deadly weapon or burglary to her home. We contend we have proved both of them, beyond a reasonable doubt.
> It's been admitted into evidence, Count 2 and Count 3, burglary and armed robbery. He was convicted on both of those charges.

That's that. That's for you to look at, take back there with you. We have proved those aggravating circumstances beyond any reasonable doubt to you. They are there *in the public records.* It's been done.

\* \* \* \* \* \*

You remember the facts. You remember what we've shown you. . . . We have proved to you by *entering this document* the aggravating circumstance of burglary and killing while in the process of burglary was done by him. He robbed with a deadly weapon and in the process killed Mrs. Mullinax.

Those are the aggravating circumstances you are to consider. We have proved them to you beyond a reasonable doubt. [Emphasis supplied.]

The trial judge did not include in his jury charge any instruction on the elements of burglary and armed robbery.

## ISSUE

The sole issue we address is whether admission into evidence of the burglary and armed robbery convictions, combined with omission of any instruction on the elements of these crimes, constitutes reversible error.

## DISCUSSION

The death penalty may be imposed *only* upon a finding by the sentencing authority beyond a reasonable doubt of at least one statutory aggravating circumstance. S. C. Code Ann. § 16-3-20(C) (Supp. 1988). [ . . . "Unless at least one of the statutory aggravating circumstances enumerated in this section is so found, the death penalty shall not be imposed."] This requirement applies to those trials in which the same jury determines guilt in phase I, then imposes sentence in phase II. However, it applies with equal force when a new jury is empaneled for purposes of resentencing only.

Aggravating circumstances serve to guide and limit the sentencing authority's discretion so as to reduce the likelihood that sentence will be imposed in an arbitrary or capricious manner. *See Gregg v. Georgia,* 428

U. S. 153, 96 S. Ct. 2909, 49 L. Ed. (2d) 859 (1976); *State v. Shaw*, 273 S. C. 194, 255 S. E. (2d) 799 (1979). "[T]he channeling and limiting of the sentencer's discretion in imposing the death penalty is a fundamentally constitutional requirement for sufficiently minimizing the risk of wholly arbitrary and capricious action." *Maryland v. Cartwright*, 486 U. S. 356, 362, 108 S. Ct. 1853, 1858, 100 L. Ed. (2d) 372, 380 (1988). This discretion must not be affected by "state-induced suggestions that the sentencing jury may shift its responsibility" for determining whether death is the appropriate punishment in a particular case. *Caldwell v. Mississippi*, 472 U. S. 320, 330, 105 S. Ct. 2633, 2640, 86 L. Ed. (2d) 231, 240 (1985).

Here, the State was permitted to prove statutory aggravating circumstances by introducing from the first trial Riddle's convictions for burglary and armed robbery. This was error.

The burglary and armed robbery convictions represent findings by the jury in Riddle's previous trial that he committed those crimes, for which he received sentences of life imprisonment and 25 years. These convictions, however, had no legal efficacy at the subsequent proceeding: they were in no way binding upon the resentencing jury. Moreover, their introduction injected an unreliable factor into the resentencing which subverted the jury's responsibility to find the existence, or not, of a statutory aggravating circumstance.

State's reliance upon *State v. Stewart*, 288 S. C. 232, 341 S. E. (2d) 789 (1986) is misplaced. *Stewart* holds that at a resentencing trial the State or the accused may offer *evidence* previously presented at either the guilt or sentencing phase of the original trial; however, *convictions* for aggravating crimes which accompany the murder do not constitute such *evidence*.

The error here was underscored by the trial court's failure to instruct on the elements of burglary and armed robbery. Absent such an instruction the resentencing jury was without guidance in determining whether murder occurred while in the commission of aggravating crimes. *See State v. Williams*, 690 S. W. (2d) 517 (Tenn. 1985).

We hold the trial court erred in failing to instruct on the elements of burglary and armed robbery and in admitting

the convictions to prove statutory aggravating circumstances.

Reversed and remanded.

GREGORY, C. J., and HARWELL and FINNEY, JJ., concur.

TOAL, J., concurs in separate opinion.

TOAL, Justice (concurring in result only):

Mrs. Abbie Sue Mullinax, a 76 year old widow, lived with her stepdaughter, 65 year old Marie Osment, in a small house in Gaffney, South Carolina. On Wednesday, August 7, 1985, Mrs. Mullinax went to a church prayer meeting. She returned about 8:45 p.m. and the two women retired for the night. Later that night, Marie was awakened by a noise which she thought was Mrs. Mullinax moving about the house. Shortly thereafter, Marie was awakened by her stepmother's screams. Marie went to the "little back room" where she saw a figure sitting in the window with one leg in the room. As she heard this person jump to the ground, she rushed to call the police, stepping over her stepmother's body. Her stepmother made a gurgling sound. Blood was everywhere. It was later determined that Mrs. Mullinax had been brutally hacked to death with a butcher knife from her kitchen which was recovered in the bushes outside the victims' house. She had been robbed of approximately $200.00.

Early the morning following the murder, appellant, in the company of his brother and a friend, viewed a television story about Mrs. Mullinax's murder and stated "we ain't got to worry about that f_____ bitch no more." In the ensuing days following Mrs. Mullinax's murder, appellant boasted to two witnesses about his involvement in the killing and told one of the witnesses that the victim had fine things and a good bit of money in her home.

In November of 1985, appellant was indicted for murder, burglary in the first degree and armed robbery. He was tried and convicted of each of these crimes and sentenced to death. This court affirmed appellant's convictions but reversed the death sentence on the grounds that appellant was not allowed to offer expert opinion on his future adaptability to prison life and that the state failed to notify appellant that it intended to introduce his juvenile record.

The case was remanded for a new sentencing proceeding.

The statutory aggravating circumstance upon which the State sought the death penalty in the sentencing proceeding was "[m]urder ... committed *while in the commission of* the following crimes or acts: ... (c) burglary, (d) robbery while armed with a deadly weapon...." S. C. Code Ann. § 16-3-20(C)(a)(1) (Supp. 1988) (Emphasis added).

In holding that the convictions may not be presented as evidence in the resentencing proceeding and that the jury must be instructed on the elements of burglary and robbery, the majority focuses on the wrong issue. The question is not whether the appellant is guilty beyond a reasonable doubt of committing a robbery or burglary. That issue has already been determined by another jury—just as it has already been determined that he is guilty of murder. Under the majority's theory, the State would be required to retry its case in regard to the charges of burglary and robbery and, therefore, to establish the appellant's guilt twice.

It is my opinion that the proper inquiry at the sentencing phase of this capital case is whether the murder was committed *"while in the commission of"* the robbery and/or burglary. It is this clause that defines this aggravating circumstance. If it were determined that the appellant was guilty of murder and robbery, but that the murder was not committed "while in the commission of" the robbery, appellant could not be sentenced to death because the aggravating circumstance would not exist. In this case, the jury was properly instructed as to the necessity of finding that the other crimes accompanied the act of murder.

Furthermore, the majority states that convictions established in the guilt phase do not constitute "evidence admitted in the defendant's first trial relating to guilt" under *State v. Stewart,* 288 S. C. 232, 341 S. E. (2d) 789 (1986). *Stewart,* however, did not involve, nor did the Court address, the admissibility of a conviction established in the guilt phase. In contrast, this Court has held that where the statutory aggravating circumstance has been proved beyond a reasonable doubt at the guilt phase, an instruction limiting consideration of the conviction to the defendant's character and not as proof of the aggravating circumstance is unnecessary. *State v. Skipper,* 285 S. C. 42, 328 S. E. (2d) 58 (1985)

*rev'd* on other grounds, 476 U. S. 1, 106 S. Ct. 1669, 90 L. Ed. (2d) 1 (1986); *State v. Plemmons,* 286 S. C. 78, 332 S. E. (2d) 765 (1985). Therefore, if such an instruction is not required, it logically follows that the jury would be free to consider the conviction as part of the proof of the aggravating circumstance. *See also, Cofield v. State,* 247 Ga. 98, 274 S. E. (2d) 530 (1981) (failure to instruct jury on elements of crime constituting aggravating circumstance is not error where jury is instructed on elements during the guilt phase of the trial and defendant is found guilty of that offense).

The problem in this case is that no evidence was submitted to the jury upon which they could base a finding that the murder was committed "while in the commission of" the robbery and/or burglary. No testimony was presented concerning the facts of the crime. The only "evidence" submitted concerning the time frame of the commission of the crimes were the indictments for the charges. Clearly, these cannot support the finding of an aggravating circumstance.

Therefore, while it is my opinion that convictions established in the guilt phase are admissible in a resentencing proceeding thereby rendering instructions from the judge on the elements of such crimes as unnecessary, this case must be reversed because of the lack of evidence to support the jury's finding that the murder was committed "while in the commission of" the robbery and/or burglary.