**STATE of Tennessee, Plaintiff–Appellee,**

v.

**Raymond Eugene TEAGUE,
Defendant–Appellant.**

Supreme Court of Tennessee,
at Nashville.

March 27, 1995.

Charles W. Burson, Atty. Gen. and Reporter, Kathy M. Principe, Deputy Atty. Gen., Victor S. Johnson, III, Dist. Atty. Gen., James W. Milam, Asst. Dist. Atty. Gen., Nashville, for plaintiff-appellee.

William P. Redick, Jr., James L. Weatherly, Nashville, for defendant-appellant.

John G. Oliva, Rebecca Freeman, Tennessee Ass'n of Criminal Defense Lawyers, Nashville, amicus curiae.

### OPINION

REID, Justice.

This case presents an appeal from the decision of the Court of Criminal Appeals, on an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure, granting the State's motion to exclude certain evidence found to be admissible by the trial court in a pending capital resentencing hearing.

This is the third resentencing hearing for the defendant, Raymond Eugene Teague, who was convicted of first degree murder and sentenced to death. On direct appeal, this Court affirmed the conviction but ordered a resentencing hearing. *State v. Teague*, 645 S.W.2d 392 (Tenn.1983) (*Teague I*). The defendant was convicted in *Teague I* of the premeditated murder of his former wife, Terri Teague. The sentence was set aside because the court admitted into evidence, in support of the aggravating circumstance "the murder was committed for the purpose of avoiding, interfering with, or preventing a lawful arrest or prosecution," a State warrant which had been dismissed on the recommendation of the State. The warrant had charged the defendant with conspiring with John Edmonds and another to murder James Lowe, Jr. The State's theory in *Teague I* was that, even though Lowe was actually killed by Terri Teague, Teague was murdered by the defendant to prevent her from cooperating with the State in the prosecution of the defendant for conspiring with Edmonds to have Teague murder Lowe. Soon after Terri Teague was murdered, the defendant was arrested on a weapons charge near her apartment while riding in a truck with Jimmy Cook and Marshall Skinner. The defendant's conviction was based on physical evidence contained in a bag found in the truck, which apparently implicated the three occupants equally, and the testimony of Skinner and Cook that the defendant told them he killed Teague. Subsequent to the defendant's conviction and sentence, Cook and Skinner entered pleas to lesser offenses.

The defendant's assertion in the appeal of *Teague I* that the State withheld material evidence favorable to him in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which is raised again on this appeal, was found to be without merit.

At the resentencing trial, the defendant again was sentenced to death. The State relied upon a new aggravating circumstance, the defendant's conviction, upon a plea of *nolo contendere*, as an accessory before the fact to the second degree murder of John Edmonds. The sentence was affirmed by this Court on appeal. *State v. Teague*, 680 S.W.2d 785 (Tenn.1984), *cert. denied*, 473 U.S. 911, 105 S.Ct. 3538, 87 L.Ed.2d 662 (1985) (*Teague II*).

In *Teague III*, a post-conviction proceeding, the Court of Criminal Appeals reversed the trial court and granted the defendant another sentencing hearing on the ground that, in a separate proceeding, the defendant's conviction for being an accessory before the fact to the second degree murder of John Edmonds had been declared void. *Teague v. State*, 772 S.W.2d 915, 929–930 (Tenn.Crim.App.1988), *cert. denied*, 493 U.S. 874, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989). In *Teague III*, the Court of Criminal Appeals denied relief on the defendant's assertion, among many, that his original conviction was procured by fraud and misrepresentation. *Id.* at 922. Permission to appeal was denied by this Court.

The issue presently before the Court arose in the resentencing hearing in the trial court. The trial court granted the defendant's motion, pursuant to *Brady v. Maryland*, that the State disclose "any exculpatory evidence of which it was aware relating to the defendant's role in or non-involvement in the killing of Terri Teague." The court denied the State's motion *in limine* to disallow the admission of any evidence "which could fairly be considered to contest or question" the defendant's guilt, including the *Brady* material and any evidence discovered subsequent to the prior sentencing hearing. The precise nature of the evidence held by the State does not appear, but the defendant's position apparently is that evidence held by the State and also newly discovered evidence will im-

plicate Marshall Skinner[1] in the murder of Terri Teague and mitigate the defendant's culpability or perhaps even exonerate him altogether.

The Court of Criminal Appeals found the defendant's position on the motion *in limine* to be "persuasive," but considered that it was required by this Court's decisions in *State v. Hartman,* 703 S.W.2d 106 (Tenn.1985), *cert. denied,* 478 U.S. 1010, 106 S.Ct. 3308, 92 L.Ed.2d 721 (1986) and *State v. Adkins,* 725 S.W.2d 660 (Tenn.1987), *cert. denied,* 482 U.S. 909, 107 S.Ct. 2491, 96 L.Ed.2d 383 (1987), to reverse the trial court's finding that evidence of the defendant's innocence was admissible. The Court of Criminal Appeals rejected the State's insistence that discovery of the *Brady* material would be moot if the evidence is not admissible under *Hartman* and *Adkins* and affirmed the trial court's order that the State disclose any exculpatory evidence.

The issue of the defendant's guilt is not before the Court. The conviction for first degree murder was affirmed by this Court on direct appeal, *Teague I,* and, permission to appeal the denial of post-conviction relief with regard to the conviction was denied in *Teague III.* Regardless of the nature or probative value of any evidence adduced, the only issue to be determined at the resentencing hearing is the defendant's punishment, life in prison or death, and the only question presented by this appeal is the nature of evidence admissible at a capital resentencing hearing.

For the resolution of this issue, we need only refer to our statute and prior decisions.

■ The statute applicable to this issue, Tenn.Code Ann. § 39–2404(c) (Supp.1980),[2] provides:

In the sentencing proceeding, evidence may be presented as to any matter that the court deems relevant to the punishment and may include, but not be limited to, the nature and circumstances of the crime; the defendant's character, background history, and physical condition; any evidence tending to establish or rebut the aggravating circumstances enumerated in subsection (i) below; and any evidence tending to establish or rebut any mitigating factors. Any such evidence which the court deems to have probative value on the issue of punishment may be received regardless of its admissibility under the rules of evidence, provided that the defendant is accorded a fair opportunity to rebut any hearsay statements so admitted. . . .

*See also* Tenn.Code Ann. § 39–13–204(c) (Supp.1994). The substance of this statute as it relates to this case, is that any evidence relating to the circumstances of the murder, the aggravating circumstances relied upon by the State, or the mitigating circumstances, which has probative value in the determination of punishment, is admissible.

■ Where the same jury determines guilt and punishment, it is instructed to consider statutory aggravating circumstances and any mitigating circumstances raised by the evidence at either the guilt or sentencing hearing. Tenn.Code Ann. § 39–2404 (Supp.1980); Tenn.Code Ann. § 39–13–204(e) (Supp.1994). Obviously, in those cases, when the jury deliberates regarding punishment it will have heard evidence on the issue of guilt or innocence, and it may, in determining the sentence, consider such evidence that has probative value as to punishment. On a resentencing hearing, the rule of evidence with regard to the only issue before the jury remains the same—both the State and the defendant may introduce any evidence relating to the circumstances of the crime, relevant aggravating circumstances or any mitigating circumstances, so that the jury will have complete information relevant to punishment. *See State v. Bigbee,* 885 S.W.2d 797, 813 (Tenn. 1994). Simply stated, if the offered evidence bears on punishment, it is admissible.

This Court has allowed the State to present at resentencing hearings, over the objec-

---

**1.** Skinner, who was present when the defendant was arrested near the murder scene, was a crucial witness for the State at the original trial.

**2.** The "sentencing law in effect at the time the murder was committed," is the applicable law. *State v. Brimmer,* 876 S.W.2d 75, 82 (Tenn.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 585, 130 L.Ed.2d 499 (1994).

tion of the defendant, evidence showing the commission of the offense as well as evidence in support of aggravating circumstances. At this defendant's resentencing hearing in *Teague II,* he opposed the State's introduction of evidence concerning the murder. In response, the Court stated:

> The defendant questions the introduction of background evidence concerning the murder, insisting that in the sentencing proceeding only evidence relevant to aggravating and mitigating circumstances should have been allowed at the hearing. Guidelines for re-sentencing hearings in general have been set out in *Farris v. State,* 535 S.W.2d 608, 621 (Tenn.1976); *Hunter v. State,* 496 S.W.2d 900, 903 (Tenn.1972); and in *Huffman v. State,* 200 Tenn. 487, 292 S.W.2d 738, 743 (1956). Under these guidelines evidence of how the crime was committed, the injuries, and aggravating and mitigating factors are admissible. There appears to be no reason why such guidelines, carefully limiting evidence to the essential background, should not apply in capital cases in order to ensure that the jury acts from a base of knowledge in sentencing the defendant. *See e.g. Blankenship v. State,* 251 Ga. 621, 308 S.E.2d 369, 371 (1983) (parties at capital re-sentencing are entitled to offer evidence relating to circumstances of crime.).

*State v. Teague,* 680 S.W.2d at 787–88. "Essential background" which the State was allowed to prove on resentencing in that case included "how the crime was committed."

In *State v. Nichols,* 877 S.W.2d 722, 731 (Tenn.1994), the defendant objected to "the State's introduction of extensive evidence of the nature and circumstances of the crime." The Court stated:

> Because the defendant pled guilty, the sentencing jury here, as in *Teague,* had no information about the offense, absent the complained of evidence. A description of the crime and its circumstances was thus clearly admissible. Moreover, an "individualized [sentencing] determination" based on the defendant's character and the circumstances of the crime is constitutionally required. *See Zant v. Stephens,* 462 U.S.

862, 879, 103 S.Ct. 2733, 2744, 77 L.Ed.2d 235 (1983).

In the Georgia case relied upon in *Teague II,* that court held that a capital defendant at resentencing must be allowed to offer corroborative evidence as to a third party's involvement in the crime. The court reasoned that "although the resentencing trial will have no effect on any previous convictions, the parties are entitled to offer evidence relating to circumstances of the crime." *Blankenship v. State,* 251 Ga. 621, 308 S.E.2d 369, 371 (1983). In subsequent capital resentencing cases, the Georgia Supreme Court has adhered to the position that:

> [w]hen a case is retried as to sentence, both the state and the defendant are entitled to offer evidence on the issue of guilt or innocence, not because the validity of the conviction is at issue, but because the jury needs to examine the circumstances of the offense ... in order to decide intelligently the question of punishment.

*Alderman v. State,* 254 Ga. 206, 327 S.E.2d 168, 173, *cert. denied,* 474 U.S. 911, 106 S.Ct. 282, 88 L.Ed.2d 245 (1985); *Potts v. State,* 259 Ga. 96, 376 S.E.2d 851, 857, *cert. denied,* 493 U.S. 876, 110 S.Ct. 214, 107 L.Ed.2d 166 (1989).

The Georgia Supreme Court has recognized that there will be resentencing trials in which the capital defendant continues to maintain his innocence. *See Romine v. State,* 256 Ga. 521, 350 S.E.2d 446, 453 (1986), *cert. denied,* 481 U.S. 1024, 107 S.Ct. 1912, 95 L.Ed.2d 517 (1987). In such cases, evidence relating to guilt or innocence is "particular[ly] importan[t] where, as here, the case is being retried as to sentence and the jury is hearing for the first time, at the sentencing phase of the trial, evidence relating to the circumstances of the offense." *Id.*

The South Carolina Supreme Court has reached the same conclusion with respect to the rights of capital defendants who maintain their innocence at resentencing:

> The jury in the first trial was able to hear all the evidence which was admitted in the guilt phase, including the testimony of appellant's alibi witnesses. During the penalty phases, the jury was able to consider the alibi testimony along with the other

evidence in determining the appropriate sentence. It is unjust to exclude appellant's alibi evidence as a matter of law from the consideration of the resentencing jury merely because the appellant did not receive a proper sentencing hearing in the first trial.

... The bifurcated structure of a capital proceeding should not be used to prevent guilt phase evidence from being considered in the penalty phase. Since the state's evidence of guilt is admissible at the resentencing hearing, basic fairness requires that the appellant's evidence of innocence be admitted as well.

*State v. Stewart,* 288 S.C. 232, 341 S.E.2d 789, 790–91 (1986).

The Court of Criminal Appeals in this case held that, on the authority of *Hartman* and *Adkins,* the defendant could not "introduce evidence tending to show his innocence or lack of involvement with the crime for which he stands convicted." However, analysis of this Court's holdings in *Hartman* and *Adkins* shows that any conflict between those cases and the other decisions discussed, is caused by imprecise statements rather than conflicting decisions.

The opinion in *Hartman* does not identify the nature of the evidence offered. It was only described by the Court as "evidence in support of his contention that he was innocent of the murder." *State v. Hartman,* 703 S.W.2d at 119. Of course, if the evidence related only to the legal issue of guilt or innocence, the issue resolved at the guilt phase of the trial, and did not relate to the circumstances of the crime or aggravating or mitigating circumstances, it was not admissible. The Court correctly stated, "the *issue* of guilt or innocence is not relevant to punishment." *Id.* (emphasis added). That issue, guilt or innocence, had been settled in *Hartman,* as it has been settled in the case before the Court. The Court in *Hartman* held accordingly, "the testimony tendered by defendant to attempt to convince the jury of his innocence was inadmissible at the sentencing hearing." *Id.* For complete accuracy, the Court could have stated: "The testimony tendered by defendant to attempt to convince the jury of his innocence *and have his con-*

*viction reversed* was inadmissible at the sentencing hearing." The State undertakes to cast the issue in the case before the Court in the same form, "the defendant's attempt to relitigate his innocence." The term "relitigate" contemplates a possibility that the judgment of guilt may be reversed. That is not the issue in this case.

In *Adkins,* as in *Hartman,* it appears the Court understood that the evidence was proffered for the purpose of determining guilt or innocence. The Court stated:

It is elementary that the issue of guilt or innocence in a capital case requires a full scale trial and cannot be an adjunct of a resentencing hearing. There are procedures, too well known to require discussion, for obtaining a retrial of guilt or innocence in a capital case; but that issue is not available at a resentencing hearing.

*State v. Adkins,* 725 S.W.2d at 663. The Court said of the evidence, "it was only relevant to the issue of guilt or innocence and not relevant as essential background information." *Id.* The Court's finding in *Adkins* that the evidence was offered at a resentencing hearing on the issue of guilt or innocence and that the evidence was not relevant as "essential background information," which under *Teague I* includes "how the crime was committed," required the conclusion that it was not admissible.

■ However, the holding in those cases, that the defendant cannot relitigate the issue of guilt or innocence, does not preclude the admission of evidence relating to the circumstances of the crime or the aggravating or mitigating circumstances, including evidence which may mitigate a defendant's culpability by showing that he actually did not kill the victim. The test for admissibility is not whether the evidence tends to prove the defendant did not commit the crime, but, whether it relates to the circumstances of the crime or the aggravating or mitigating circumstances. That the evidence may support the defendant's contention that he did not kill the victim does not render it inadmissible so long as it is probative on the issue for determination, the defendant's punishment.

In *State v. Bigbee,* the Court discussed the distinction between evidence relating to guilt or innocence and evidence relating to the circumstances of the crime. In that case, the defendant asserted as a mitigating circumstance: "any residual or lingering doubt you [the jury] may have about [defendant's] guilt." 885 S.W.2d at 813. The Court relied upon *Franklin v. Lynaugh,* 487 U.S. 164, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988), for the holding that residual doubt is not a fact about the defendant or the circumstances of the crime, but is a state of mind somewhere between reasonable doubt and absolute certainty of guilt. The Court in *Bigbee* reaffirmed the holdings in *Hartman* and *Adkins* that evidence that relates only to guilt or innocence is not admissible in a resentencing hearing and the holdings in *Adkins* and *Teague II* that evidence relating to the circumstances of the crime is admissible at resentencing. *Bigbee,* 885 S.W.2d at 813. These rules, obviously, are not mutually exclusive. Evidence that is admissible as being relevant to the issue of guilt or innocence may also be admissible at a resentencing hearing in support of a mitigating circumstance. One example would be testimony by a witness that the defendant did not fire the shot that killed the victim. That testimony would be probative on the guilt/innocence phase and also would be evidence regarding the circumstances of the crime at a resentencing hearing. According to the motion, the evidence sought to be admitted in the present case relates to the circumstances of the crime.

The Court, heretofore, has specifically characterized the defendant's evidence of innocence as a "non-statutory mitigating factor." In *State v. McKay,* 680 S.W.2d 447, 451 (Tenn.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1412, 84 L.Ed.2d 795 (1985), on direct appeal, the Court stated:

> Defendants assert that the trial judge erred in allowing the State to cross-examine each defendant about the circumstances of the offenses when they testified at the sentencing hearing. We readily agree that this would have been prejudicial error but for the fact that it was invited, if not necessitated, by the direct testimony of the defendants. In testifying during the sentencing phase of the trial, McKay and Sample asserted unequivocally their innocence of the robbery of the Sundry Store and the murders. We agree with the State's contention that defendants raised a non-statutory mitigating factor that the State was clearly entitled to rebut.

In *State v. Jones,* 789 S.W.2d 545, 551 (Tenn.), *cert. denied,* 498 U.S. 908, 111 S.Ct. 280, 112 L.Ed.2d 234 (1990), this Court again referred to proof of innocence as a "non-statutory mitigating factor". The defendant argued that,

> it was error to allow the State to cross-examine him at the sentencing hearing on the theory that it required him to testify against himself inconsistently with his defense on the merits. His argument is that he endeavored to convince the jury at the guilt phase of the trial that at most he was guilty of second degree murder. He testified during the sentencing hearing and endeavored to cast an innocent light on the fact that he had committed the homicide.

In addressing this issue, the Court merely quoted from *State v. McKay,* that, because there was testimony of innocence at the sentencing trial, "defendants raised a non-statutory mitigating factor that the State was clearly entitled to rebut." *Id.*

The courts in other jurisdictions have held accordingly. In *People v. Terry,* 61 Cal.2d 137, 37 Cal.Rptr. 605, 611, 390 P.2d 381, 387, *cert. denied,* 379 U.S. 866, 85 S.Ct. 132, 13 L.Ed.2d 68 (1964), the California Supreme Court held,

> ... If the same jury determines both guilt and penalty, the introduction of evidence as to defendant's asserted innocence is unnecessary on the penalty phase because the jury will have heard that evidence in the guilt phase. If, however, such evidence is excluded from the penalty phase, the second jury necessarily will deliberate in some ignorance of the total issue.

Section 190.1 specifically sanctions the presentation of evidence as to "the circumstances surrounding the crime ... and of any facts in ... mitigation of the penalty." This language can hardly exclude defendant's version of such circumstances sur-

rounding the crime or of his contentions as to the principal events of the instant case in mitigation of the penalty.

And in *State v. Stewart*, 341 S.E.2d at 790, discussed previously, the South Carolina Supreme Court stated,

> We agree with appellant that the evidence tending to establish appellant's alibi was admissible under this statute as "any evidence admitted in the defendant's first trial relating to guilt for the particular crime for which the defendant has been found guilty."

The courts in those cases recognized that evidence of the defendant's innocence is admissible to rebut the aggravating circumstances relied upon by the State. The Tennessee sentencing statute requires proof beyond a reasonable doubt of at least one statutory aggravating circumstance as predicate for the imposition of the sentence of death. Tenn.Code Ann. § 39–2404(i) (Supp.1980); Tenn.Code Ann. § 39–13–204(i) (Supp.1994). Most of the statutory aggravating circumstances relate directly to the circumstances of the offense. *See* Tenn.Code Ann. § 39–13–204(i)(3), (4), (5), (6), (7), (12) (Supp.1994). Prohibiting evidence regarding the extent to which the defendant did or did not participate in the commission of the crime would defeat in large measure the defendant's right to present evidence denying, explaining or rebutting evidence of aggravating circumstances.

Any decision of this Court limiting evidence relating to the circumstances of the offense, statutory aggravating circumstances or any mitigating circumstances also would offend federal law. Under federal decisions, the defendant's testimony regarding the circumstances of the crime, including the assertion of lesser involvement or innocence, cannot be withheld from the sentencing jury. In *Dutton v. Brown*, 812 F.2d 593 (10th Cir.), *cert. denied*, 484 U.S. 836, 108 S.Ct. 116, 98 L.Ed.2d 74 (1987), in which the sentence of death was vacated on a petition for writ of habeas corpus because the sentencing jury was prevented from considering what "might have been relevant mitigating evidence," the Circuit Court of Appeals reviewed the earlier decisions of the United States Supreme Court regarding the admission of evidence at capital sentencing trials, including two decisions which specifically considered the admissibility of evidence of the defendant's innocence:

> A review of the evolution of the Supreme Court's position on mitigating evidence in death penalty cases is instructive in making our decision in this case. In *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976), a plurality observed that the "death penalty is qualitatively different" from any other sentence, *id.* at 305, 96 S.Ct. at 2991, and that " 'individual culpability is not always measured by the category of the crime committed.' " *Id.* at 298, 96 S.Ct. at 2988 (quoting *Furman v. Georgia*, 408 U.S. 238, 402, 92 S.Ct. 2726, 2810, 33 L.Ed.2d 346 (1972)) (Burger, C.J., dissenting). The mandatory death penalty statute was held invalid because it did not allow for consideration of the "character and record of the individual offender or the circumstances of the particular offense...." *Id.* at 304, 96 S.Ct. at 2991.
>
> In *Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973 (1978), Chief Justice Burger, writing for a plurality of the Court, ruled that the eighth and fourteenth amendments require that the sentencer "not be precluded from considering, *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death" (emphasis in original). The Ohio statute, which did not permit the sentencer to consider, as mitigating factors, character, prior record, age, lack of specific intent to cause death, and the degree of involvement in the crime, was found to be constitutionally infirm. The Court recognized the death penalty is qualitatively different from any other sentence, *id.*, and stressed the need for "individualized consideration of mitigating factors" in capital cases. *Id.* at 606, 98 S.Ct. at 2965.
>
> A year later, in *Green v. Georgia*, 442 U.S. 95, 97, 99 S.Ct. 2150, 2151–52, 60 L.Ed.2d 738 (1979) (per curiam), the Court

held that testimony, though hearsay under Georgia law, could not be excluded because it was "highly relevant to a critical issue in the punishment phase of the trial . . . and substantial reasons existed to assume its reliability." Petitioner had attempted to introduce testimony to the effect that the witness had been told by the co-defendant that he (the co-defendant) had actually killed the victim. The "critical issue" during the penalty phase was whether petitioner had participated directly in the murder. Tying the decision to the unique facts of the case, the Court concluded that " 'the hearsay rule may not be applied mechanistically to defeat the ends of justice.' " *Id.,* (quoting *Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973)).

*Id.* at 599–600.

In subsequent decisions, the United States Supreme Court has held that the sentencer in a capital case must be able to give full effect to all mitigating evidence concerning the defendant's character and record and the circumstances of the crime:

> The constitution *requires* States to allow consideration of mitigating evidence in capital cases. Any barrier to such consideration must therefore fall.

*McKoy v. North Carolina,* 494 U.S. 433, 442, 110 S.Ct. 1227, 1233, 108 L.Ed.2d 369 (1990).

In *Lockett,* the Court provided further guidance on the nature of "relevant" mitigating circumstances, concluding that a sentencer must be allowed to consider, "*as a mitigating factor,* any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." [*Lockett v. Ohio,* 438 U.S. 586, 604, 98 S.Ct. 2954, 2965, 57 L.Ed.2d 973 (1978) ]. Last Term, we elaborated on this principle, holding that "the jury must be able to consider and give effect to any mitigating evidence relevant to a defendant's background and character, or the circumstances of the crime." *Penry v. Lynaugh,* 492 U.S. 302, 328, 109 S.Ct. 2934 [2951] 106 L.Ed.2d 256 (1989).

*Blystone v. Pennsylvania,* 494 U.S. 299, 304–5, 110 S.Ct. 1078, 1082, 108 L.Ed.2d 255 (1990).

> We have defined mitigating circumstances as facts about the defendants' character or background, or the circumstances of the particular offense, that may call for a penalty less than death.

*Franklin v. Lynaugh,* 487 U.S. 164, 188, 108 S.Ct. 2320, 2335, 101 L.Ed.2d 155 (1988) (O'Connor, J., concurring).

> States cannot limit the sentencer's consideration of any relevant circumstance that could cause it to decline to impose the [death] penalty.

*McCleskey v. Kemp,* 481 U.S. 279, 306, 107 S.Ct. 1756, 1761, 95 L.Ed.2d 262 (1987). *See also Chaney v. Brown,* 730 F.2d 1334 (10th Cir.), *cert. denied,* 469 U.S. 1090, 105 S.Ct. 601, 83 L.Ed.2d 710 (1984).

■ The defendant's legal argument, that in this case he is entitled to present "any exculpatory evidence of which [the State] was aware relating to the defendant's role in or noninvolvement in the killing of Terri Teague," is supported by the facts of this case as well as the law stated in the statute and the Tennessee and federal decisions discussed above. Those cases dealt with evidence that had been presented to the jury in the prior trial or evidence that was consistent with the defendant's plea in the prior trial.[3] In none

---

3. In *Teague II,* the State was allowed to prove on resentencing "how the crime was committed," and "the circumstances of the crime," respectively. In *State v. Nichols,* though the defendant pled guilty to the crimes and objected to the introduction of evidence on the nature and circumstances of the crime, the State was allowed to introduce evidence "relevant to the crime." In *Blankenship v. State,* the defendant was allowed to testify as to his "version of the events" and to present evidence that would corroborate his assertion that a third person was present during the crime, during the resentencing hearing. *See also Alderman v. State* and *Romine v. State.* In *People v. Terry,* the defendant was allowed to present evidence as to his "version of such circumstances surrounding the crime." In *State v. Stewart,* the defendant was allowed to present on resentencing the same evidence of alibi he had presented at the prior trial. In *State v. McKay,* the defendants were allowed to assert "unequivocally their innocence" as they had in the prior trial. In *State v. Jones,* the defendant had claimed he was guilty of second degree murder "at most" and at the sentencing hearing he

256

of the cases in which the evidence was held to be admissible in the resentencing hearing, did the defendant take a position regarding the circumstances of the crime inconsistent in legal principle with that taken at the prior trial. As stated previously, the exact nature of the evidence which the State refused to disclose does not appear in the record. However, the order entered by the trial court applies to "any exculpatory evidence ... relating to the defendant's role in or noninvolvement in the killing of Terri Teague." Under the terms of that order, the defendant would be entitled to present evidence regarding the circumstances of the crime, even if one of those circumstances was that the defendant was not a participant. Any evidence within that definition would be consistent with the position taken by the defendant throughout these proceedings. He has consistently maintained that he is not guilty of first degree murder, the offense charged. He insisted on direct appeal in *Teague I* that the evidence was not sufficient to support the verdict and that the State withheld evidence of a "deal" with Skinner for his incriminating testimony. *Teague I*, 645 S.W.2d at 398. On appeal to the Court of Criminal Appeals in *Teague III*, the defendant asserted his innocence of the offense charged and claimed that his conviction was procured by fraud and misrepresentation. *Teague III*, 772 S.W.2d at 922.

To the extent that the nature of evidence held by the State appears in this record, such evidence conforms to the indictment, the defendant's plea and the rules of evidence, and, therefore, it would have been admissible at the sentencing hearing in the original trial.[4]

Both the statute and prior case law dictate that the defendant has the right to present at the sentencing hearing, whether by the jury which heard the guilt phase or by a jury on resentencing, evidence relating to the circumstances of the crime or the aggravating or mitigating circumstances, including evidence which may mitigate his culpability. Evidence otherwise admissible under the pleadings and applicable rules of evidence, is

not rendered inadmissible because it may show that the defendant did not kill the victim, so long as it is probative on the issue of the defendant's punishment.

Accordingly, the Court of Criminal Appeals' decision is reversed, and the case is remanded. The trial court will determine the admissibility of evidence offered at the resentencing hearing according to the principles reviewed in this opinion.

Costs are taxed to the State.

ANDERSON, C.J., and DROWOTA and BIRCH, JJ. and O'BRIEN, Special Judge, concur.

was allowed "to cast an innocent light on the fact that he had committed the homicide."

**4.** This opinion does not address situations in which evidence offered at resentencing would

not have been admissible under the pleadings and rules of evidence at the prior trial.