IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 30, 2007

## JACQUES B. BENNETT v. VIRGINIA LEWIS, WARDEN and STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
**No. 61-2005     Thomas W. Graham, Judge**

**No. E2006-01592-CCA-R3-HC - Filed February 8, 2007**

The petitioner, Jacques B. Bennett, pled guilty to first degree murder in 1992 and was sentenced to life in prison. He petitioned for a writ of habeas corpus, arguing that the judgment against him was void because he was not present and not represented by counsel at his sentencing hearing and because the trial court did not follow statutory mandates in sentencing him. The trial court dismissed his petition without a hearing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Jacques B. Bennett, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and James Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The documents attached to the petition reflect that the petitioner pled guilty to first degree murder in Hamilton County on November 9, 1992. The "order of conviction" entered on that date states that the sentencing hearing was set for December 1, 1992. According to the petitioner, he never attended a sentencing hearing on that date or any date thereafter. He also claims that he never waived his right to be present at his sentencing hearing. The petitioner's first degree murder judgment has November 9, 1992, written as the date of entry of judgment. Below the trial judge's signature, the date January 5, 1993, is written as the "date signed." The judgment was signed by a prosecutor but not by a defense attorney. According to the petitioner, he was represented in trial court by two attorneys. The petitioner alleges that on December 13, 1992, he filed a motion requesting new counsel and to withdraw his guilty plea. While the petitioner says that to the best

of his knowledge, no order has ever been filed on this motion, in a previous appeal this court stated that the trial court denied the motion before entering judgment. Jacques B. Bennett v. State, C.C.A. 03C01-9809-CR-00338, Hamilton County, slip op. at 2 (Tenn. Crim. App. Oct. 5, 1999). The cover sheet of an investigation report dated January 11, 1993, was attached to the petition and lists the petitioner's hearing date as January 21, 1993. The petitioner was unsuccessful in seeking post-conviction relief on grounds that his plea was involuntary and unknowing and that he received the ineffective assistance of counsel. Jacques B. Bennett v. State, C.C.A. No. 03C01-9512-CR-00391, Hamilton County (Tenn. Crim. App. Aug. 28, 1996). This court also affirmed the trial court's denial of a late-filed "Motion to Vacate/Set Aside Judgment/Plea: and, to Declare Said Judgment/Plea Void." Jacques B. Bennett, C.C.A. 03C01-9809-CR-00338, Hamilton County.

The petitioner contends that he is entitled to habeas corpus relief because neither he nor his counsel were present at the time he was sentenced. He contends that several due process violations are implicated that render his judgment void. He also contends that his sentencing violated statutory provisions of the 1989 Sentencing Act, including the mandated time period for conducting a sentencing hearing, a defendant's statutory right to be present at sentencing hearing, and the utilization of a presentence report during sentencing. The state disputes the petitioner's claim that his sentencing took place on January 5, 1993, and argues that the petitioner's judgment would not be void even if his claims were supported by the record. The trial court dismissed the petition without a hearing, stating that the petitioner's allegations, if true, would render the judgment voidable, not void, and thus did not present a cognizable claim for habeas corpus relief.

The determination of whether habeas corpus relief should be granted is a question of law which we review de novo on appeal. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). Habeas corpus relief will be granted when the petitioner can show that his judgment is void, not merely voidable. Taylor v. State, 995 S.W.3d 78, 83 (Tenn. 1999). To this end, a writ of habeas corpus is granted only "when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." Stephensen v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citing Archer v. State, 851 S.W.3d 157, 164 (Tenn. 1993)). The burden is on the petitioner to establish that the judgment is void. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000); State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If the petitioner carries this burden, he is entitled to immediate release. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). However, the trial court may dismiss a petition for writ of habeas corpus without an evidentiary hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex. rel. Edmondson v. Henderson, 220 Tenn. 605, 609, 421 S.W.2d 635, 636 (1967); see also T.C.A. § 29-21-109.

The petitioner is correct in pointing out that a defendant has the right to be present at his sentencing hearing. See State v. Teague, 897 S.W.2d 248, 256 (Tenn. 1995). A defendant also has a right to be represented by counsel at his sentencing hearing. See Tenn. R. Crim. P. 44(a). However, the petitioner's claims, if true, would render the judgment voidable, not void. These are claims that would have been proper to raise in a post-conviction petition, rather than in a habeas

corpus petition.  <u>See, e.g.</u>, <u>Osepczuk v. Bell</u>, No. M2006-00131-CCA-R3-HC, Davidson County, slip. op. at 3 (Tenn. Crim. App. Jan. 8, 2007) (stating that the petitioner's claim that he was denied the opportunity to speak on his behalf prior to sentencing "is not a recognized claim for habeas corpus relief").  Likewise, whether the trial court followed the proper statutory procedure in conducting the sentencing hearing, including whether it utilized a presentence report, is not an issue that would render the judgment void.  The trial court had the jurisdiction and authority to sentence the petitioner to life for his first degree murder conviction.  The petitioner's claims do not entitle him to habeas corpus relief, and the trial court did not err in dismissing his petition.

Based on the forgoing and the record as a whole, we affirm the judgment of the trial court dismissing the petition for writ of habeas corpus.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE

-3-